MORRIS SAVITT, PETITIONER-RESPONDENT, v. L. & F. CONSTRUCTION CO. AND NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, DEFENDANTSAPPELLANTS.

Argued October 20, 1939—Decided January 25, 1940.

For the appellants, *Kellogg & Chance* (*R. Robinson Chance,* of counsel).

For the respondent, *David Roskein* (*Harry Cohn,* of counsel).

The opinion of the court was delivered by

HEHER, J. We concur in the view expressed by Mr. Justice Perskie for the Supreme Court that section 34:15-40 of the Revised Statutes of 1937, as applied in this proceeding, is not repugnant either to the contract clauses of the Federal and State Constitutions or to the due process clause of the Fourteenth Amendment of the Federal Constitution.

As pointed out in the opinion, the statute concerns the remedy rather than substantive contractual rights. Evidently, its purpose was to correct a manifest and unintentional injustice in the earlier statute, under which the injured employe could receive substantially less compensation where there was a recovery from a third-party tortfeasor than where there was none. In essence, the statutory provision under review merely places upon the employer the burden of the counsel fee payable for service rendered in the third-party action to his ultimate profit. After all, these provisions have nothing to do with the compensation to be paid under the basic statutory scheme of compensation. Clearly, it was not the legislative purpose to vary the compensation payments, *i. e.,* to create two classes with essentially different rights— one where a third-party recovery is had and the other where there is none such. The design of all these provisions relating to credit for a third-party recovery was to advantage the employer—to give him the benefit of the moneys thus paid. The regulation of this incidental phase of the compensation statute cannot reasonably be said to impair the obligation of the basic contract.

And, while not reading the statute as limiting the counsel fee to one-third of the sum *actually* paid to the injured employe "in release or in judgment," as appellants maintain, we are of the view that it does not bear the meaning given in the courts below.

The employer is entitled to credit only for the sum actually received by the injured employe from the third-party tortfeasor. In the ascertainment of the *quantum* of the credit, the "expenses of suit" and the "attorney's fee" are to be deducted from the recovery; and the "attorney's fee," as defined by the statute, is "such fee, but not in excess of thirty-

three and one-third per cent. of that part of the sum paid in release or in judgment to the injured employe or his dependents by such third party or corporation to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding."

The base for the calculation of the fee is, as it should justly be, not the amount paid by the third-party tortfeasor, but the part thereof to which the employer (or his insurance carrier) shall be entitled in reimbursement, *i. e.*, the amount of his liability under the Workmen's Compensation act. *R. S.* 1937, 34:15-7, *et seq.* The term "reimbursement" plainly has reference to such portion of the sum received from the third-party *tort feasor* as is the equivalent of the whole of the employer's liability under the Workmen's Compensation act, *supra,* whether actually paid or not, if the recovery exceeds that liability. The legislature had in mind "reimbursement" of the *quantum* of the employer's statutory liability for compensation, in the sense of indemnification, rather than the payments actually made in satisfaction *pro tanto* of that obligation. This constitutes a limitation of the fee for the benefit of the employer. To permit the deduction of the statutory percentage upon the full amount of the recovery had from the third party, where it exceeds the statutory compensation due the employe from the employer, would give the employe an undue advantage, and by the same token place upon the employer a correlative unjust burden in opposition to the spirit of the statute. The interpretation given in the courts below gives no effect to the provision of subdivision (e) of the cited section of the statute that the fee shall be calculated on "that part of the sum paid  *  *  *  to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions" of that section.

It suffices to add that the adoption of appellant's contention that the fee should be based upon the sum *actually* "paid in release or in judgment" would put a premium on delay in the payment of the compensation due from the employer, for default in performance of the statutory duty would hold the prospect of advantage where there was a likelihood of

recovery from a third-party tortfeasor. The legislature plainly did not intend that result.

The judgment is accordingly modified, and, as so modified, affirmed; and the cause is remanded for such proceedings as may be appropriate in the circumstances.

*For modification*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CASE, DONGES, HEHER, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.