[Crim. No. 2173. First Appellate District, Division Two.—January 30, 1941.]

In re LILLIAN DE NEEF on Habeas Corpus.

Frank J. Perry and George Olshausen for Petitioner.

Hartley F. Peart and Sylvester J. McAtee for Respondent.

NOURSE, P. J.—The petitioner seeks her release on *habeas corpus* from a commitment for contempt based upon her refusal to answer certain interrogatories. Petitioner's hus-

band took out a policy of life insurance on December 16, 1939, with the California Western States Life Insurance Company. He died on February 15, 1940, and petitioner sued the company as beneficiary of the policy. The company answered setting up the defense that the policy had been secured by fraudulent representations as to the physical condition of the insured. In taking the deposition of the petitioner, questions were asked regarding communications made by deceased to the petitioner regarding the physical condition of the insured. Her refusal to answer the questions was based upon the provisions of subdivision one of section 1881 of the Code of Civil Procedure. Other objections to the questions—that they called for hearsay, and were incompetent, irrelevant, and immaterial—need not be discussed as the case is closed by the code section.

The first subdivision of this section reads: ''A husband can not be examined for or against his wife without her consent; nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other, or for a crime committed against another person by a husband or wife while engaged in committing and connected with the commission of a crime by one against the other; or in an action for damages against another person for adultery committed by either husband or wife.'' ■ The petitioner correctly directs attention to the fact that two distinct privileges are granted by the section—(a) the privilege making husband or wife incompetent as a witness in an action for or against the other; (b) the privilege against testifying to communications between husband and wife. The distinction is an important one. We are here concerned with the second privilege only. For that reason we will not discuss the many decisions or the observations of text writers which relate to the first privilege mentioned.

■ The privilege relating to testimony disclosing confidential communications between husband and wife is like that stated in the other subdivisions of section 1881 relating to attorney and client, physician and patient, and a clergy-

man and one making a confession. We are not concerned with the reason for the rule or its effect upon the administration of justice. It is purely a matter of evidence which is a subject within the province of the legislature to control. The legislature has declared that neither husband nor wife can be "examined as to any communication made by one to the other during the marriage" *without the consent of the other*. It has also made certain specified exceptions to the rule none of which is applicable here. ██ Thus we are confronted with two well known rules of statutory construction— that when the language of a statute is clear and unambiguous it does not permit judicial interpretation or construction; and that, when the statute itself specifies its exceptions, no other may be added under the guise of judicial construction. With the husband not able to give his consent to the disclosure of these communications, and the wife expressly refusing to give hers, the inhibitions of the statute that the wife cannot be examined regarding these communications effectively bar the examination and it makes little difference whether we call it a matter of privilege or incompetent testimony.

██ To avoid the operation of the section the respondent argues that the privilege was waived. If this is so the waiver must have been such as would amount to the consent of the husband to the examination of petitioner. But since the husband is dead and unable to give his consent, the respondent argues that he must be deemed to have consented at the time of the execution of the policy. There are two answers to the argument. First, primary essentials of a waiver are knowledge and intent. Before one may be deemed to have waived a right granted by statute he must be shown to have knowledge of the right and an intent to waive or forego it. There is nothing in the conduct of the deceased which would support an inference that he had either knowledge of the right or an intention to waive it. The only reasonable inference is to the contrary because of what follows: ██ Second, when the policy was executed the insurer required the insured to sign as a part of his application an express waiver reading: "I expressly consent, on behalf of myself and of any person who shall have or claim any interest in any policy issued hereunder, or in the proceeds thereof, that any physician may disclose to California-Western States Life Insur-

ance Company, its successors or assigns, any facts, information or knowledge, heretofore, or hereafter communicated to or acquired by him as my physician for any purpose, and I expressly waive any and all privilege or provision of law which now or may hereafter exist, either exempting or prohibiting any physician from disclosing any such facts, information or knowledge so communicated to or acquired by him in his professional capacity as my physician, or rendering such physician incompetent as a witness in any court of law or equity. The word 'physician' as used herein shall be construed to include 'practitioner' of every character.'' We may assume that, in accord with the usual practice, the application and the policy were both prepared by the insurer, and so they must be construed strictly against the company. It is manifest that this express waiver relating to subdivision four of section 1881 was not intended, by either insurer or insured, to cover the provisions of subdivision one of that section. Having prepared the application and the policy, and having required a waiver of the privilege of physician and patient, the insurer must be deemed to have intended that which was written and nothing more.

 Since the statute expressly declares that one spouse may not be examined under these circumstances the order of commitment was void.

The petitioner is discharged and her bail is exonerated.

Sturtevant, J., and Spence, J., concurred.