[Civ. No. 14624.   First Dist., Div. One.   Apr. 13, 1951.]

HAROLD RECORD et al., Appellants, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent.

436

Johnson, Harmon & Henderson for Appellants.

Healy & Walcom for Respondent.

BRAY, J.—The superior court in a personal injury action denied a motion for attorneys' fees brought by plaintiff's attorneys pursuant to section 3856 of the Labor Code. Plaintiff and his attorneys appeal.

### QUESTION PRESENTED

(1) Does the 1949 amendment of section 3856 apply to actions brought for injuries occurring before the effective date of the amendment? (2) Did plaintiff stipulate away his right to attorneys' fees?

### FACTS

In 1947 plaintiff was injured in the scope of his employment by the Dow Chemical Company because of a defective instrumentality manufactured and supplied by third parties. He brought suit against those parties for damages for his injuries. In December, 1948, a stipulation was entered into between plaintiff and respondent insurance company, the insurance carrier for the Dow Chemical Company, which stated that plaintiff had sustained an industrial injury and

that respondent as carrier for his employer had furnished plaintiff hospital, surgical and medical aid in addition to weekly indemnity benefits and was continuing to do so, as prescribed by the Workmen's Compensation Act. It then set forth the amount then paid and stated that further payments were anticipated, and that "in consideration of the" respondent's "forbearance in filing a lien" for these expenditures in the action brought by plaintiff against said parties, plaintiff "agrees to reimburse" respondent "in the sum of all expenditures made or to be made by" respondent "under the provisions of the Workmen's Compensation Act . . . Such reimbursements being made out of and only in the event that" plaintiff "recovers judgment or enters into voluntary settlement with the approval" of respondent.

The action was tried in February and March of 1950, and plaintiff recovered a $30,000 judgment, which with plaintiff's consent, was made expressly subject to respondent's lien for $3,140.50, the amounts paid by respondent. Thereafter plaintiff's attorneys, who had brought and prosecuted the action, moved on proper notice for an order awarding them reasonable attorneys' fees out of the share of the judgment to be received by respondent, said fees to be for their services in effecting a recovery of the amount for which respondent had a lien. In opposition to the motion, respondent filed the affidavit of Scott, its assistant superintendent of claims, in which he stated that on July 2, 1948, Johnson, one of plaintiff's counsel, called upon affiant and asked him to authorize a contribution by respondent of a share of the expenses incurred in the prosecution of the action and to agree to pay plaintiff's attorneys a fee for services in the event a recovery was had in the pending action. Affiant advised that respondent would neither make a contribution nor pay any attorneys' fees and that in the event of recovery, respondent expected full reimbursement of all sums it might pay for plaintiff. In the discussion, affiant pointed out that under the sections of the Labor Code dealing with subrogation then in effect, there was no provision requiring respondent to pay any fees; that if the employment of counsel were necessary to recover respondent's expenditures for which a lien was asserted, respondent would retain its own counsel and make its own arrangement for fees with such counsel.

Plaintiff filed a counteraffidavit of Johnson giving his version of the conversation with Scott. Johnson stated that Scott,

because the Labor Code made no provision for attorneys' fees on a recovery for the insurer, refused to share in the expenses and attorneys' fees, and stated respondent would expect all that the law would allow under the Labor Code. Affiant had no recollection of Scott stating, and to affiant's best recollection Scott did not state, that if an attorney were necessary to recover the insurer's expenditures, respondent would employ its own counsel. Affiant then denied that the stipulation which was prepared by Scott and signed by plaintiff and his attorneys had anything to do with attorneys' fees or that in any way it was a waiver of any rights of plaintiff or his attorneys for fees; that about 10 months after this conversation and about four days before Scott sent the stipulation to be signed, Scott phoned affiant, and without alluding to that conversation, called his attention to the Labor Code provisions giving the insurer a lien on any judgment plaintiff might obtain to reimburse respondent for all disbursements made by it on plaintiff's behalf, and asked if it would be necessary to file a notice of lien in the action or if plaintiff would be willing to enter into a stipulation recognizing respondent's right to reimbursement. Affiant said that plaintiff would be willing to stipulate to respondent's lien to the full extent of what the law allowed respondent, and suggested that Scott submit a stipulation to that effect, which Scott did, and which is the stipulation in question here. Affiant attached a copy of respondent's letter of transmittal of said stipulation which states, "In accordance with our telephone conversation of Dec. 3, 1948" there is forwarded a stipulation "with regard to the protection of the subrogation rights" of respondent.

At the hearing respondent took the position that (1) the 1949 amendment to section 3856 did not apply, and (2) that if it did, plaintiff by the stipulation had waived his right to attorneys' fees.

1. *Does Section 3856 Apply?*

That section, as amended effective October 1, 1949, provides: "The court shall first apply, out of the entire amount of any judgment for any damage recovered by the employee, a sufficient amount to reimburse the employer for the amount of his expenditures for compensation. If the employer has not joined in the action or has not brought action, or if his action has not been consolidated, the court, on his application shall allow, as a first lien against the entire amount

of any judgment for any damages recovered by the employee, the amount of the employer's expenditures for compensation; provided, however, that where the employer has failed to join in said action and to be represented therein by his own attorney, or where the employer has not made arrangements with the employee's attorney to represent him in said action, the court shall fix a reasonable attorney's fee, which shall be fixed as a share of the amount actually received by the employer, to be paid to the employee's attorney on account of the service rendered by him in effecting recovery for the benefit of the employer, which said fee shall be deducted from any amounts due to the employer."

The attorneys' fees requested here were only for services rendered at the trial, which took place after the effective day of the act.

In *Dodds* v. *Stellar*, 30 Cal.2d 496 [183 P.2d 658], decided prior to the above amendment, the court said (p. 503): "The Workmen's Compensation Act, as carried into the Labor Code, gives the employer or its insurance carrier, upon paying or becoming obligated to pay compensation to the employee for disability suffered in the course of employment as the result of negligence of a third party, the right of reimbursement for such expenditure. This right the employer or its insurance carrier may exercise in any one of three ways: It may bring an independent suit (Lab. Code § 3852); it may join in an action brought by the injured employee (Lab. Code § 3853); or 'if [it] has not joined in the action or has not brought action, or if [its] action has not been consolidated,' it may claim in the employee's action 'as a first lien against the entire amount of any judgment for any damages recovered by the employee, the amount of [its] expenditures for compensation, . . . ' (Lab. Code § 3856.)" It is in the latter instance where, if the employer chooses not to join or contribute, the amendment in issue gives attorney's fees.

Under section 3854 of the code the employer is entitled to deduct reasonable attorney's fees from the employee's portion of the award when the employer has prosecuted the action alone. A 1949 amendment states that the attorney's fee "shall be based solely upon the services rendered by the employer's attorney in effecting recovery for the benefit of the employee . . ." Prior to the subject amendment no corresponding right was given the employee when his attorney effected recovery for the employer.

Respondent's argument on the question of retrospectivity may be paraphrased as follows: The 1949 amendment to section 3856 was a substantive amendment. It imposes a new and additional liability upon the insurance carrier. Prior to it he had the right to recover all expenditures at the employee's expense. Afterwards his recovery is diminished by the costs of litigation. "Since the carrier's obligation is measured by the statute in force at the time of the industrial injury, any derogation of its rights as of that time by subsequent statutory amendment" would be a retrospective application of the law contrary to the intention of the Legislature and to constitutional due process.

The only authority respondent cites for this proposition is *Aetna Cas. & Surety Co.* v. *Industrial Acc. Com.*, 30 Cal.2d 388 [182 P.2d 159]. In that case an employee had sustained an injury which ultimately resulted in both temporary and permanent disability. At the time of the injury, Labor Code, section 4661, allowed him to receive only the greater of the two payments; at the time of permanent disability the statute had been amended so as to allow cumulative benefits. The commission awarded him the increased amount. The Supreme Court annulled the award. It was held that the injury is the basis of the right to be compensated for resulting disability, and the law in force at the time of that injury is the measure of the right to recover. In granting the increased award under the amendment the commission enlarged the employee's rights and the employer's obligations, thus giving a retrospective operation to the statute. ■ Statutes are not to be applied retroactively in the absence of a clear legislative intent. It did not appear from the language of the amended statute or by necessary implication that the Legislature intended to give this amendment a retrospective operation. "The prior industrial injury was not a mere antecedent fact relating to the permanent disability ensuing therefrom; on the contrary, it was the basis of the right to be compensated for such disability." (P. 392.) Applying the above language to the immediate case, respondent contends, the time of injury fixed his nonliability for attorneys' fees in the employee's action, and there is nothing in section 3856 which states that it was intended to apply retrospectively.

Appellants argue that the Aetna rationale has nothing to do with our problem. The basis for recovery for attorneys' fees is not the injury to the employee, but *"for the services rendered.* It is specifically provided by section 3856 as amended

that attorney's fees shall be paid to the employee's attorney *'on account of the services rendered by him* in effecting recovery for the benefit of the employer.' '' They conclude that there is, therefore, no question of retrospective operation of a statute involved in this case. Appellants seek only a fair award of attorneys' fees for services they rendered *after the effective date of the amendment.*

In *Savitt* v. *L. & F. Const. Co.* (1940), 124 N.J.L. 173 [10 A. 2d 728], (modifying 123 N.J.L. 149 [8 A.2d 110], dismissing certiorari 17 N.J. Misc. 65 [4 A.2d 692], modifying 16 N.J. Mis. 514 [2 A.2d 357], affirming a judgment of the New Jersey Department of Labor, 16 N.J.Misc. 462 [1 A.2d 752]), the *precise question* here posed by this phase of the appeal was decided by the highest court of New Jersey. The legislative history of the statute there in issue is so strikingly similar to the one here that it merits repetition.

Judge Hartshorne, of the Court of Common Pleas (4 A.2d 692), reviews it as follows: ''Originally there was uncertainty whether the employee could obtain a double recovery when an accident occurred during, and in the course of, the employment, for which a third party was responsible, one, under the Workmen's Compensation Act from his employer, the other, at common law from the tort feasor. This unsettled situation led to the enactment of certain statutes [citations], the 1931 act providing that the employee's recovery from the third party should be credited on the award against the employer.'' (P. 693.) (See Cal. Lab. Code, § 3861, for a counterpart provision.) ''In the case of *Deuchar* v. *Standard Accident Ins. Co.* [171 N.J.L. 375 (189 A. 61)] this act was construed to give the employer the benefit of the full amount of such third party recovery, up to the full amount of the award itself, despite the fact that the employee had been compelled to pay his attorney a very substantial attorney's fee to obtain this third party recovery, which went to benefit the employer, not the employee.'' (P. 694.) (He might well be speaking of *Dodds* v. *Stellar*!) ''The policy of thus cutting down the award to the employee, by the amount of the fee which benefited the employer, naturally caused further question. So we find the legislature thereafter enacting the 1936 statute in question, providing for these attorney's fees to be charged against the employer, who primarily benefited from the work done, and not against the employee.'' (P. 694.)

Against this background stand facts virtually identical to those in this appeal. In 1936, prior to the statute, Savitt, a

carpenter, sustained compensable injuries due to the actionable negligence of third party tort feasors. He instituted a suit against them which was settled in 1937, after the effective date of the statute. The employer claimed that the credit to which he was entitled in such recovery, to be applied against his liability for compensation, should not be diminished by the deduction of reasonable attorney's fees as was provided in the amended statute. The Department of Labor ruled against the employer and allowed the fees. On appeal the employer claimed both impairment of the obligation of contract and violation of due process.

In 4 A.2d 693, at page 695, the Court of Common Pleas held that the employer did not acquire, at the time of injury, a vested right to have the attorney's fees in question charged against the employee and not himself. The employer's right to a credit did not vest until the employee recovered against a third party. Such being the case, the bureau did not give the statute of 1936 a retroactive effect, impairing the contractual obligation or violating due process, since the act was in effect when the employer's right to the credit arose.

In 8 A.2d 110, at page 114, the Supreme Court affirmed (modifying in an immaterial particular) and stated that ". . . the challenged act . . . affects 'no enlargement of the primary statutory liability; no new or additional burden is imposed.' It does not affect the employer's liability towards his employee. It tends merely further to assure the employee his unquestionable right, under our workmen's compensation act, to compensation in full for the disability which he sustained."

The Court of Errors and Appeals, in 10 A.2d 728, at page 729, affirmed the lower court's decision and definitively disposed of the problem in the following words: "[T]he statute concerns the remedy rather than substantive contractual rights. Evidently, its purpose was to correct a manifest and unintentional injustice in the earlier statute, under which the injured employee could receive substantially less compensation where there was a recovery from a third party tort-feasor than where there was none. In essence, the statutory provision under review merely places upon the employer the burden of the counsel fee payable for service rendered in the third-party action to his ultimate profit. After all, these provisions have nothing to do with the compensation to be paid under the basic statutory scheme of compensation. Clearly, it was not the legislative purpose to

vary the compensation payments, i.e., to create two classes with essentially different rights—one where a third-party recovery is had and the other where there is none such. The design of all these provisions relating to credit for a third-party recovery was to advantage the employer—to give him the benefit of the moneys thus paid. The regulation of this incidental phase of the compensation statute cannot reasonably be said to impair the obligation of the basic contract.''

Respondent contends that the Savitt cases do not apply because there the award of attorney's fees was made, not by the court, but by the Department of Labor, equivalent in New Jersey to our Industrial Accident Commission; secondly, it did not concern a lien on a judgment, but a credit on the insurer's liability to the employee given by the department for the recovery received by the employee from a judgment against third persons, which credit was reduced by the amount of attorney's fees allowed. These are distinctions without a difference. Whether the allowance of attorney's fees on the insurer's portion of the recovery from third persons is made by a court or a commission is immaterial. The basic question passed upon was whether the statute providing a charge for attorney's fees on the insurer's share, enacted after the injury, applied in cases where the injury occurred prior to its adoption. The same contentions of unconstitutionality and impairment of contract were made there as respondent makes here. Respondent ingeniously contends that the litigation in the Savitt cases was merely to determine what constitutes ''payment'' from a third person, and therefore, deducting attorney's fees from the amount recovered by suit from a third person, even though such deduction was not allowable at the time of the injury, was in nowise analogous to the situation here. We fail to follow the logic of this contention.

Although the Aetna case contains some very broad language, it is apparent that the Supreme Court was not asserting that every detail incident to the status becomes immutably fixed as of the date of injury. The extent of its holding as to retrospectivity was clarified in *Gregory* v. *State,* 32 Cal.2d 700 [197 P.2d 728, 4 A.L.R. 2d 924]. In that case an action to recover a gift tax paid under protest was pending at the time the gift tax statute was amended so as to allow interest on the amount of overpayment. The Supreme Court held that the taxpayer was entitled to such interest from the date of the amendment and that such payment did not give a retro-

active effect to the amendment. The Aetna case was distinguished on the ground that there the compensation payable for past injuries was increased by a subsequent amendment and *nothing new occurred in that case after the effective date of the act which would make the statute operate prospectively,* while in the Gregory case the statute operated on the *future condition or action of the state in withholding overpayment from the taxpayer.*

■ This is the preferable construction in our case. The amendment specifically states that the fee is to be paid "on account of the service rendered by . . . [the attorney] in *effecting recovery* for the benefit of the employer . . ." (Emphasis added.) Where, as here, recovery follows the amendment, it seems clear that an allowance should be made for those future services.

■ This law does not give a previous transaction some different legal effect from that which it had under the law when it occurred. It does give a different effect to a future failure to join in or contribute to the employee's action—but this new obligation is not based on a past transaction but rather on a future omission. Such a statute is necessarily prospective in its operation. (See *City of New York* v. *Foster*, 148 App. Div. 258 [133 N.Y.S. 152, 155].)

Furthermore, the reasoning in the Savitt case is clearly applicable. ■ In California the liability under the Workmen's Compensation Act is incident to the status of employment and is neither in tort nor in contract. (*Quong Ham Wah Co.* v. *Industrial Acc. Com.*, 184 Cal. 26 [192 P. 1021, 12 A.L.R. 1190].) ■ Regardless of what this basic relationship is termed, the employer's right to reimbursement, credit, or lien does not attach until the employee effects a settlement or recovers a judgment against a third party. Until then any theoretical contingent "rights" are at best inchoate. It is the recovery which fixes the employee's obligation to reimburse and, under the situations described in the amendment, the employer's duty to contribute—just as, under the Aetna case, it is the date of injury which fixes and defines the employer's obligation to compensate.

2. *The Stipulation*

In a letter constituting his opinion in the case, the trial judge stated, in effect, that the stipulation required reimbursement of all expenditures "without deduction of any amount." ■ However, in construing the agreement it must

be considered in the light of conditions as they existed at the time it was entered into. The interest of the insurer in the recovery from third persons was not subject to any reduction for attorneys' fees. (See *Dodds* v. *Stellar, supra,* 30 Cal.2d 496), and hence the statement in the stipulation that respondent be reimbursed for all expenditures made by it cannot be held to be a waiver by appellants of a right which did not then exist. ■ As said in *In re De Neef,* 42 Cal.App.2d 691, 694 [109 P.2d 741]: ". . . primary essentials of a waiver are knowledge and intent. Before one may be deemed to have waived a right granted by statute he must be shown to have knowledge of the right and an intent to waive or forego it." Both parties contend that the agreement is not ambiguous, but do not agree upon the construction to be placed upon it.

■ If it is not ambiguous, and we are of the opinion it is not, the language in *Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825], applies: "An appellate court is not bound by a construction of the contract based solely upon the terms of the written instrument without the aid of evidence [citations], where there is no conflict in the evidence [citation], or a determination has been made upon incompetent evidence [citation]. Under these circumstances, there is no issue of fact, and it is the duty of an appellate court to make the final determination in accordance with the applicable principles of law."

■ It is clear from the agreement itself that it is nothing more than an agreement not to file the lien to which the insurer was entitled in return for plaintiff's assurance that he would pay the company from any recovery from third parties, those sums to which under the Labor Code the insurer was entitled. Thus, it did not contemplate or preclude attorneys' fees which constitute an item separate and distinct from any adverted to in the agreement; and this is true, whether the original conversation between Scott and Johnson as claimed by Scott is correct or not. There is no evidence from which a reasonable inference can be drawn that the parties intended to preclude any right to attorneys' fees which conceivably might be legislated into existence in the future.

The order is reversed and the case is remanded with instructions to the trial court to fix attorneys' fees in accordance with the views herein expressed.

Peters, P. J., and Wood (Fred B.), J., concurred.