[Civ. No. 15829. Third Dist. Dec. 3, 1976.]

SOLANO CONCRETE COMPANY, INC.,
Cross-complainant and Appellant, v.
LUND CONSTRUCTION COMPANY,
Cross-defendant and Respondent.

**COUNSEL**

Bolling, Pothoven, Walter & Gawthrop and Donald S. Walter for Cross-complainant and Appellant.

Hoffman, Mayhew & Gallawa, Walter· E. Gallawa and William A. Mayhew for Cross-defendant and Respondent.

**OPINION**

**PARAS, J.**—In a wrongful death action, defendant Solano Concrete Company, Inc. (hereinafter "Solano"), filed a cross-complaint requesting a declaration of its asserted right to indemnity from the decedent's

employer, Lund Construction Company (hereinafter "Lund"). The court sustained a demurrer to the cross-complaint without leave to amend on the theory that under Labor Code section 3864 there was no written agreement to indemnify executed prior to the death and that Lund had not waived the benefit of section 3864 by executing a written agreement (hereinafter the "subcontract") with Solano *after* the death. Judgment of dismissal was entered, and Solano appealed.

The cross-complaint alleges that on June 30, 1973, a subcontract was prepared, but not signed, between Solano as general contractor and Lund as subcontractor. Lund was to furnish all labor and materials to construct the sanitary sewers, storm sewers, and water system for a subdivision known as Fairmont # 13. Lund was also to indemnify and hold Solano harmless from any and all liability, claims, and damages caused or claimed to be caused by the independent or concurrent negligence of Solano and Lund.

The work commenced on the subdivision even though the subcontract remained unsigned. Solano dug the trenches that would eventually contain the sewer and water lines. On August 16, 1973, Peter Ygnatowiz, an employee of Lund, descended into one of the trenches and was killed when its walls collapsed. A wrongful death action was filed against several defendants, including Solano.[1] Almost two years later, Solano and Lund signed the subcontract.

Subsequently Solano filed the cross-complaint in question against Lund. In addition to the foregoing, it alleged in a first cause of action that by the terms of the unsigned subcontract, Solano was entitled to a defense and indemnification with regard to the wrongful death action. A second cause of action alleged that the subcontract was executed after Ygnatowiz's death, and that Lund had thereby waived any right to assert, invoke, or rely upon section 3864; estoppel was also asserted.

Labor Code section 3864 reads as follows: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or

---

[1] The other named defendants were Stanley M. Davis Homes & Associates, Dearborn Development Company and Fairmont Construction Housing Tract. They are not involved in this appeal.

settlement in absence of a written agreement so to do *executed prior to the injury."* (Italics added.)

As applied to the facts of this case, section 3864 is too clear to be subjected to interpretation. The written agreement was not *executed*[2] prior to the accident. ■ Recognizing this, Solano's principal contention is that by its subsequent execution of the subcontract Lund waived the benefit of Labor Code section 3864; this contention is also without merit.

The primary essentials of waiver are knowledge and intent; and before one may be deemed to have waived a right granted by statute, it must be shown that the party had knowledge of the right and the intent to waive or forego it. (*Record* v. *Indemnity Ins. Co.* (1951) 103 Cal.App.2d 434, 445 [229 P.2d 851]; *In re De Neef* (1941) 42 Cal.App.2d 691, 694 [109 P.2d 741]; see generally 7 Witkin, Summary of Cal. Law (8th ed. 1974) Equity, § 133, pp. 5352-5353.) In the instant case no such showing was made. The subcontract had been in existence in its unsigned form since June 30, 1973. It was executed two years later, approximately 23 months after the death of Ygnatowiz. The cross-complaint does not allege any explanation for the delay. There is no indication that by signing the subcontract, Lund either knew of or intended to relinquish his rights under Labor Code section 3864; and the mere act of execution in no way carries with it an implication of the existence of the elements of waiver. Nor does it suggest an estoppel.

In view of the above, other contentions of Solano require no discussion. One matter however requires brief comment. At oral argument, cross-complainant for the first time asserted the claim that the trial court abused its discretion by failing to grant leave to amend after sustaining the demurrer. (Code Civ. Proc., § 472c; 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 845, p. 2450.) Not having raised this issue in its briefs, Solano will not be permitted to raise it so belatedly (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 425, pp. 4391-4393; § 442, pp. 4405-4406; § 487, p. 4440), particularly since no effort was made to

---

[2]To execute means, inter alia, "to make; as to execute a deed, which includes signing, sealing, and delivery; performance of all necessary formalities." (Black's Law Dict. (Rev. 4th ed.) p. 676.)

demonstrate that there are indeed facts which Solano might plead in support of a waiver or estoppel theory.

The judgment is affirmed.

Friedman, Acting P. J., and Evans, J., concurred.