[No. G011073. Fourth Dist., Div. Three. Mar. 30, 1992.]

HARBOR VIEW HILLS COMMUNITY ASSOCIATION, Plaintiff, Cross-defendant and Appellant, v.
DEREK TORLEY et al., Defendants, Cross-complainants and Respondents.

COUNSEL

Feldsott, Lee & Feinberg, Martin L. Lee and Stan Feldsott for Plaintiff, Cross-defendant and Appellant.

Patrick K. McClellan for Defendants, Cross-complainants and Respondents.

OPINION

**MOORE, Acting P. J.**—Plaintiff appeals from an order upon reconsideration: (1) vacating an order denying defendants' motion to tax attorney fees; (2) vacating an order awarding attorney fees to plaintiff; and (3) denying plaintiff's motion for postjudgment attorney fees. Plaintiff contends defendants' motion for reconsideration was not timely, should have been denied on the merits, and that the court erred by not retroactively applying either Civil Code section 1717 or alternatively, Civil Code section 1354.[1]

FACTS

Plaintiff, a homeowners association, and defendants, as homeowners, executed covenants, conditions and restrictions (CC&R's) concerning real property in September 1971. The CC&R's prohibited homeowners from making exterior additions or alterations to their home without obtaining the prior written approval of the association's architectural committee. The CC&R's contained an attorney fee provision, but it only concerned nonpayment of assessments.

In 1989, plaintiff sued defendants for building an addition to their home without prior written approval, seeking injunctive relief, damages, costs, and attorney fees. Defendants answered and cross-complained for declaratory relief concerning the existence of an equitable servitude and damages for breach of the CC&R's' covenants and violation of section 1366. They also sought recovery of attorney fees.

At trial, plaintiff prevailed on both complaint and cross-complaint. It filed a memorandum of costs requesting prejudgment attorney fees of $98,735.29. Defendants moved to tax costs contending, inter alia, neither statutory nor contractual authority supported an award of attorney fees.

During the hearing on the motion, the trial judge ordered plaintiff to prepare a declaration justifying the amount of attorney fees and directed

---

[1]All statutory references are to the Civil Code unless otherwise specified. For convenience we will refer to section 1717, subdivision (a) as section 1717(a).

both parties to brief whether the second paragraph of section 1717(a), added in 1983, applied to the CC&R's. Plaintiff submitted supporting declarations and both parties filed points and authorities as requested. The court denied defendants' motion to tax and awarded plaintiff attorney fees in the amount requested.

Defendants then filed a motion for reconsideration of the fee award that included legislative history concerning the 1983 amendment to section 1717(a). The trial judge granted reconsideration and vacated the order denying defendants' motion to tax costs and the order awarding attorney fees to plaintiff. He reasoned plaintiff "failed to show any clear legislative intent that the 1983 Amendments to Civil Code [section] 1717 was to have any retroactive application to the attorney fee provision of thes [*sic*] 1971 CC&R's."

## DISCUSSION

### I. *Retroactive Application of Section 1717*

Initially, plaintiff contends the trial court erred by granting defendants' motion for reconsideration, claiming the motion was untimely and not based on newly discovered evidence with a satisfactory explanation for not having presented it earlier. (Code Civ. Proc., § 1008, subd. (a).) However, in light of our resolution of the substantive issues, we decline to resolve the procedural claims.

 Plaintiff contends the amendment adding the second paragraph to section 1717(a), effective 12 years after the parties executed the CC&R's, applies to this case. We agree.

Section 1717(a) allows a party to recover attorney fees as an element of his or her costs "[i]n any action on a contract, where the contract specifically provides that attorney's fees . . . incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party. . . ." In *Sciarrotta v. Teaford Custom Remodeling, Inc.* (1980) 110 Cal.App.3d 444, 446 [167 Cal.Rptr. 889], a divided court held this language allowed the contracting parties to limit an attorney fee clause to specific provisions of the agreement or a certain type of action. The Legislature amended the statute in 1983 to add the following paragraph to subdivision (a): "Where a contract provides for attorney's fees, . . . that provision shall be construed as applying to the *entire contract* . . . ." (Italics added.)

 "It is an established canon of interpretation that statutes are not to be given a retrospective operation unless it is clearly made to appear that such

was the legislative intent." (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393 [182 P.2d 159].) Section 3 states no part of the Civil Code is retroactive "unless expressly so declared." However, the Supreme Court has noted "on a number of occasions in the past we have found that even when a statute did not contain an express provision mandating retroactive application, the legislative history or the context of the enactment provided a sufficiently clear indication that the Legislature intended the statute to operate retrospectively that we found it appropriate to accord the statute a retroactive application. [Citation.]" (*Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1210 [246 Cal.Rptr. 629, 753 P.2d 585].)

"If a statute's language is clear, then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs. [Citation.]" (*Kizer* v. *Hanna* (1989) 48 Cal.3d 1, 8 [255 Cal.Rptr. 412, 767 P.2d 679].) Accordingly, where the language of a statute specifically limits or prohibits its retroactive application, courts do not hesitate to deny retroactivity.[2]

 However, statutes increasing or decreasing allowable litigation costs, even if silent concerning retroactivity, have been consistently applied to cases pending when the statutes became effective. A statute permitting the premium on a surety bond to be included as an item of costs was applied to an action pending at the time of its enactment in *Stockton Theatres, Inc.* v. *Palermo* (1956) 47 Cal.2d 469, 477 [304 P.2d 7]. In *Record* v. *Indemnity Ins. Co.* (1951) 103 Cal.App.2d 434 [229 P.2d 851], the court held an amendment to Labor Code section 3856, providing for payment of attorney fees incurred by an employee in actions against a third party tortfeasor, applied to a judgment on a cause of action which arose prior to the effective date of the enactment. (103 Cal.App.2d at p. 444.) The court in *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920 [102 Cal.Rptr. 248], held statutory changes authorizing fee awards applied to appeals from orders made before their effective dates. (*Id.* at p. 923; see also *Kievlan* v. *Dahlberg Electronics, Inc.* (1978) 78 Cal.App.3d 951, 959 [144 Cal.Rptr. 585].)

The 1983 amendment to section 1717(a) is silent concerning retroactivity. In *Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581 [97 Cal.Rptr. 30], the court approved a reciprocal attorney fee award under section 1717 in an action on a promissory note executed before enactment of the statute, noting

---

[2]No retroactive application where Welfare and Institutions Code section 14009.5 stated Medi-Cal benefits apply only to estates arising after its effective date. (*Kizer* v. *Hanna, supra,* 48 Cal.3d at p. 9.); application of Health and Safety Code sections 35700-35741 held not retroactive because sanctions were specifically imposed only for violations occurring after the statute's effective date. (*Burks* v. *Poppy Construction Co.* (1962) 57 Cal.2d 463, 474 [20 Cal.Rptr. 609, 370 P.2d 313].)

courts have consistently held attorney fee statutes apply " 'to litigation pending when such statutes became effective *unless a contrary intent clearly appears from the statute.*' [Citations]." (19 Cal.App.3d at p. 594. Italics added.) The court reasoned, "It has been declared to be a settled rule that the matter of recoverable litigation costs is subject to change by the Legislature and is *governed by the law in effect at the time of judgment.*" (*Id.*, at p. 594, italics added[3]; see also *Stockton Theatres, Inc.* v. *Palermo, supra,* 47 Cal.2d at p. 477; *Hogan* v. *Ingold* (1952) 38 Cal.2d 802, 814 [243 P.2d 1, 32 A.L.R.2d 834]; *Beeman* v. *Burling* (1990) 216 Cal.App.3d 1586, 1606 [265 Cal.Rptr. 719] [This exception to the presumption against retroactivity is a " 'subcategory of procedural statutes which can have no effect on substantive rights or liabilities, but which affect only modes of procedure to be followed in future proceedings.' "]; *Bank of Idaho* v. *Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 11 [186 Cal.Rptr. 695] ["[T]here is no question that, as an amendment to remedial legislation, the amendment [to section 1717, governing the award of attorney fees] applies to 'past transactions,' to wit, the agreement for fees . . . ."].)

Defendants' reliance on *Sciarrotta* v. *Teaford Custom Remodeling, Inc., supra,* 110 Cal.App.3d 444, is without merit. Although *Sciarrotta* held the parties may limit an award of attorney fees to certain actions or specific provisions of the contract, defendants fail to acknowledge an important point; the 1983 amendment to section 1717 overturned that decision.

*Sciarrotta* concerned an action by property owners against a contractor for breach of a contract to build a house in a workmanlike manner. The contract permitted recovery of attorney fees if the contractor sued to enforce payment of the contract price. The court held plaintiff was not entitled to an award of attorney fees, stating: "[S]ection 1717 should [not] be used as a vehicle to transform this limited right [to fees] into an unbounded right that could not have been reasonably contemplated or intended by the parties at the time of contracting." (110 Cal.App.3d at p. 452.)

The court concluded that "the law in California has been to limit the scope of application of section 1717 to the provisions which the parties themselves

---

[3]The court followed a different line of reasoning yet arrived at the same result in *Record* v. *Indemnity Ins. Co., supra,* 103 Cal.App.2d 434. There, the court considered applicability to a pending action of an amendment to Labor Code section 3856, providing for payment of reasonable attorney fees incurred by an employee where judgment was obtained against a third party tortfeasor for the employer's benefit. The court held that application of the amendment to a judgment on a cause of action which arose prior to the effective date of the amendment was *prospective.* It applied the amended statute to the judgment and awarded attorney fees, reasoning that because the basis for recovery of attorney fees was for "service rendered" to effect recovery, not the previous injury sued on, "this new obligation is not based on a past transaction but rather on a future [action]" and "[s]uch a statute is necessarily prospective in its operation. [Citation.]" (103 Cal.App.2d at p. 444.)

have agreed to make it applicable." (110 Cal.App.3d at p. 450.) Important however, is that the Legislature clearly rejected *Sciarrotta*'s interpretation, and rapidly amended section 1717(a) by adding the second paragraph.[4] It appears clear, therefore, that the legislative intent was to provide complete mutuality of remedy where a contractual provision makes recovery of attorney fees available to one party.

We find the second paragraph of section 1717(a) should be retroactively applied.

## II. *Section 1354*

Next, we consider whether section 1354 also supports an award of attorney fees. ■ Plaintiff contends the trial court's vacation of its attorney fee award should be reversed because this litigation involved enforcement of a provision of the association's CC&R's, and section 1354 was amended during the pendency of this appeal to grant attorney fees to the prevailing party "[i]n any action to enforce the [covenants and restrictions of a] declaration."[5] Again, we agree.

California case law establishes that if the Legislature enacts a statute authorizing an award of attorney fees in an action while a case is pending on appeal, "the new statute . . . applies to [the] proceeding, which was pending on appeal at the time the legislative enactment became effective." (*Woodland Hills Residents Assn., Inc.* v. *City Council* (1979) 23 Cal.3d 917, 931 [154 Cal.Rptr. 503, 593 P.2d 200]; see, e.g., *Stockton Theatres, Inc.* v. *Palermo, supra,* 47 Cal.2d at p. 477; *Olson* v. *Hickman, supra,* 25 Cal.App.3d at p. 923; *Kievlan* v. *Dahlberg Electronics, Inc., supra,* 78 Cal.App.3d at p. 959.)

Plaintiff correctly relies on *Bradley* v. *Richmond School Board* (1974) 416 U.S. 696 [40 L.Ed.2d 476, 94 S.Ct. 2006], in support of its position. In

---

[4]The legislative history provided by defendants in their motion for reconsideration, unequivocally states the purpose of this bill was to overturn *Sciarrotta*.

[5]Section 1354 is part of the Davis-Stirling Common Interest Development Act, enacted in 1985 and codified in section 1350 et seq. Defendants' property falls within the definition of a planned development, pursuant to section 1351, subdivision (k) which states: " 'Planned development' means a development (other than a community apartment project, a condominium project, or a stock cooperative) having . . . the following features: . . . ¶ (2) A power exists in the association to enforce an obligation of an owner of a separate interest with respect to the beneficial use and enjoyment of the common area by means of an assessment . . . ." Section 1351, subdivision (a) states: " 'Association' means a nonprofit corporation or unincorporated association created for the purpose of managing a common interest development."

In this case, defendants are owners of a separate interest in a tract of homes in Newport Beach. Pursuant to the CC&R's, defendants agreed that plaintiff, a nonprofit corporation, would be assigned the powers of maintaining and administering the common area for, inter alia, the preservation of the value of the land.

*Bradley*, the United States Supreme Court reviewed the applicability of a newly enacted attorney fee provision where the propriety of a fee award was pending resolution on appeal when the statute became law. The court concluded the newly enacted attorney fee provision applied to the case. The court "anchor[ed] [its] holding . . . on the principle that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." (*Id.* at p. 711 [40 L.Ed.2d at p. 488].) No authority or legislative history indicates that section 1354 should not be applied here.

Defendants' claim application of section 1354 would result in manifest injustice is also without merit. A newly enacted attorney fee provision would not deprive either party of a matured right or change the substance of their contractual obligations under the CC&R's. (*Bradley v. Richmond School Board, supra,* 416 U.S. at pp. 720-721 [40 L.Ed.2d at pp. 493-494].) Also noteworthy, is that defendants sought attorney fees in their cross-complaint. Defendants obviously found no manifest injustice in seeking attorney fees for themselves. It can reasonably be inferred defendants were on notice that attorney fee statutes would be retroactively applied and further, would not have considered it unjust had the award of fees been in their favor instead of plaintiff's.

## DISPOSITION

The order vacating the trial court's award of prejudgment attorney fees is reversed. The trial court's award of prejudgment attorney fees is reinstated and the matter is remanded with directions to award plaintiff reasonable attorney fees for the postjudgment proceedings including the fees incurred for this appeal.

Wallin, J., and Sonenshine, J., concurred.