Filed 12/13/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| HAROLD WINSTON,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF LOS ANGELES,<br><br>    Defendant and Respondent. | B323392<br><br>(Los Angeles County<br>Super. Ct. No. 19STCV28021) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory W. Alarcon, Judge.  Reversed and remanded with directions.

Law Office of Michael J. Curls, Michael J. Curls and Nichelle D. Jordan for Plaintiff and Appellant.

Peterson, Bradford, Burkwitz, Gregorio, Burkwitz, and Su, George E. Peterson and Gil Burkwitz for Defendant and Respondent.

————————————

# INTRODUCTION

Harold Winston (Winston) sued his employer, the County of Los Angeles (L.A. County), alleging race-based discrimination, retaliation, and failure to maintain a discrimination free environment under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) and whistleblower retaliation in violation of Labor Code section 1102.5.

While Winston's case was pending, Labor Code[1] section 1102.5 was amended, effective January 1, 2021, to add a provision—subdivision (j)—authorizing courts to award reasonable attorney fees to whistleblower plaintiffs who prevail against their employer under section 1102.5.

After the jury found in Winston's favor on his retaliation claim under section 1102.5, Winston filed a motion for attorney fees based on section 1102.5's recently enacted subdivision (j). The trial court denied the motion, ruling that the fee provision does not apply to Winston's case because it was not in effect in 2019 when the complaint was filed and because it found no legislative intent supporting retroactive application.

We disagree with the trial court's decision and reverse. Case precedent establishes that a new statute authorizing an award of attorney fees applies to actions pending on the statute's effective date. On remand we direct the trial court to determine, in the first instance, the appropriateness and reasonableness of the fee request.

---

[1] Undesignated statutory references are to the Labor Code.

# FACTUAL AND PROCEDURAL BACKGROUND

## I.  *Winston's Complaint*

Winston is "an African-American male" with "over 30 years of service" with L.A. County.  Winston works in the Department of Treasurer and Tax Collector as the supervising deputy public conservator administrator in the public administration branch.

On August 7, 2019, Winston filed a complaint against L.A. County alleging five causes of action: 1) racial discrimination in violation of FEHA (Gov. Code, § 12940, subd. (a)); 2) retaliation in violation of FEHA (*id.*, § 12940, subd. (h)); 3) retaliation in violation of section 1102.5; 4) failure to maintain a discrimination and harassment free environment in violation of FEHA (Gov. Code, § 12940, subd. (k)); and 5) negligent hiring, supervision, and retention.  He sought damages, an injunction against future discrimination and retaliation, imposition of periodic reporting requirements, and reasonable attorney fees pursuant to section 1102.5.

On July 20, 2021, the trial court heard and granted L.A. County's motion for summary judgment as to Winston's fifth cause of action for negligent hiring, supervision, and retention. This left for the jury's consideration Winston's three FEHA causes of action and the retaliation claim under section 1102.5.

Trial began on November 17, 2021.  During trial and before closing argument, Winston abandoned the first cause of action for racial discrimination under FEHA.

On November 24, 2021, the jury returned a verdict on the three causes of action submitted to them.  It found in favor of L.A. County and against Winston on the causes of action for retaliation under FEHA and failure to prevent discrimination/harassment under FEHA.  The jury found in Winston's favor on

3

his cause of action for whistleblower retaliation under section 1102.5.  It awarded him damages totaling $257,000.

II.    ***Motion for Attorney Fees***

On May 5, 2022, Winston filed a motion for attorney fees and requested $1,854,465 as the prevailing party under section 1102.5 and the FEHA, both of which allow for an award of attorney fees to prevailing parties.  Winston argued section 1102.5 applies "because [his] case was still in action at the time the provision became effective . . . on January 1, 2021."  He argued "precedent makes clear [the statute] applies to any actions that were still pending at the time that [Assembly Bill No. 1947] went into effect."  The matter "did not go before a jury until November 16, 2021, and was unquestionably still pending" when the provision went into effect, "entitl[ing] [Winston] to an award of attorney's fees under . . . §1102.5."

On May 23, 2022, L.A. County filed opposition and argued the motion for attorney fees should be denied in its entirety because there was no provision for recoverable attorney fees set forth in section 1102.5 when the litigation was initiated and because "there is no express legislative intent permitting retroactive application of the fee provision."  L.A. County further argued that Winston did not prevail on any of his FEHA claims and therefore did not qualify as a prevailing party.

On May 27, 2022, Winston filed a reply in support of his motion for fees.  He argued that "a new statute authorizing an award of attorney fees applies to actions not yet final at the time the statute becomes effective."  He conceded to an error regarding an attorney fee entry and corrected his fee request to $1,846,956.

## III.  *Trial Court's Ruling*

On June 6, 2022, the trial court heard argument on Winston's motion for attorney fees.  The court took the matter under submission.

On June 7, 2022, the trial court issued its ruling denying the motion for attorney fees: "Plaintiff moves for attorney's fees of $1,843,465 based upon a jury verdict on Labor Code [s]ection 1102.5.  This Labor Code did not include a fee provision at the time this action was filed, on August 7, 2019.  [Assembly Bill No.] 1947, which amended [section] 1102.5, authorizes courts to award attorneys' fees to whistleblowers who prevail against employers, became effective on January 1, 2021.  No legislative intent demonstrating retroactive application has been presented to this court.  Without any showing of retroactive application, the request for attorney's fees is denied.  [(*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1207; Civ. Code, § 3.)]  Furthermore, Plaintiff did not prevail on the FEHA claim, which would have, if they had prevailed, provided a basis for an entitlement for attorney fees."

## IV.  *Motion for Reconsideration*

On June 8, 2022, Winston filed a motion for reconsideration of the court's order denying his motion.  Winston cited as new law *Reyes v. Beneficial State Bank* (2022) 76 Cal.App.5th 596 (*Reyes*) for the proposition that absent legislative directive to the contrary, courts generally apply newly enacted fees/costs statutes to cases pending at the time of enactment.

On July 7, 2022, L.A. County filed its opposition, arguing Winston's motion for reconsideration was "procedurally defective" and *Reyes* was not "new law" because it had been filed on March

22, 2022, before Winston filed his motion for attorney fees on May 5, 2022.

On July 20, 2022, the trial court denied Winston's motion for reconsideration. Judgment was entered that same date.

This appeal followed.

## DISCUSSION

On appeal, Winston argues section 1102.5, subdivision (j) applies to his case "because [his] case was still in action at the time the provision became effective." He contends the trial court erroneously denied his motion based on "no legislative intent demonstrating retroactive application of [the statute]." We agree with Winston and reverse.

### I.   *Standard of Review & Applicable Law*

We review de novo whether a statute applies retroactively. (*Dragones v. Calkins* (2024) 98 Cal.App.5th 1075, 1081 (*Dragones*).)

The law invoked here, section 1102.5, is " 'California's general whistleblower statute.' " (*McVeigh v. Recology San Francisco* (2013) 213 Cal.App.4th 443, 468.) When Winston filed this case, section 1102.5 did not include a one-way fee-shifting provision "authoriz[ing] an award of attorney fees to a worker who prevails on a claim of retaliation for blowing the whistle on workplace legal violations." (Sen. Com. On Judiciary, Exec. Summary of Assem. Bill No. 1947 (2019–2020 Reg. Sess.) July 30, 2020, at p. 1.) The California Legislature amended the law by passing Assembly Bill No. 1947, which allows discretionary recovery of reasonable attorney fees to a prevailing whistleblower plaintiff.

6

Effective January 1, 2021, section 1102.5, subdivision (j) provides: "The court is authorized to award reasonable attorney's fees to a plaintiff who brings a successful action for a violation of these provisions." (§ 1102.5, subd. (j).)

Under California law, the general rule is that absent a clear, contrary indication of legislative intent, courts interpret statutes to apply prospectively. (*USS-Posco Industries v. Case* (2016) 244 Cal.App.4th 197, 217–218 (*USS-Posco*); *Quarry v. Doe I* (2012) 53 Cal.4th 945, 955.) However, "the California Supreme Court and many, many Courts of Appeal have treated legislation affecting the recovery of costs, including attorney fees, as addressing a 'procedural' matter that is 'prospective' in character and thus not at odds with the general presumption against retroactivity." (*USS-Posco*, at p. 221.)

II.    *Analysis*

Winston argues the provision in section 1102.5 authorizing an award of attorney fees "regulates a procedural matter . . . and thus should be applied to pending actions." He cites numerous cases holding that a new statute which authorizes an award of attorney fees applies to actions not yet final at the time the statute becomes effective. On the other hand, L.A. County argues the trial court did not err in denying Winston's motion for fees because no provision for recovery of fees as set forth in section 1102.5 was in effect when the litigation was initiated. L.A. County also argues there was "no express legislative intent permitting retroactive application of the fee provision."

Neither party points to a California decision directly addressing the issue of whether section 1102.5, subdivision (j) applies to cases pending at the amendment's effective date and we have found none. We have also reviewed the legislative

7

history regarding Assembly Bill No. 1947 and it is silent as to whether the new attorney fee provision should be prospectively or retroactively applied.

We review the case law relied upon by the parties.

In *Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917 (*Woodland Hills*), the Supreme Court held that the newly enacted Code of Civil Procedure section 1021.5—permitting an attorney fee award under a private attorney general theory—applied to a case pending on appeal at the time the legislative enactment took effect. (*Woodland Hills,* at pp. 930–931.) The *Woodland Hills* decision rests on a long line of cases holding that newly enacted attorney fee provisions apply to cases pending in the trial court or on appeal "on the effective date of the statutes." (*Id.* at pp. 931–932.)

Since *Woodland Hills*, California courts have consistently held that "statutory provisions that alter the recovery of attorney fees are deemed procedural in nature and apply to pending litigation." (*USS-Posco*, *supra*, 244 Cal.App.4th at p. 201; see *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal.App.4th 1017, 1056–1057 [most recent version of Code Civ. Proc., § 998, amended during appeal, governed award of expert fees in case]; *California Housing Finance Agency v. E.R. Fairway Associates I* (1995) 37 Cal.App.4th 1508, 1512–1513 [applying amended Health and Safety Code attorney fee provision to pending case, where code was amended during trial to provide for attorney fee award to the prevailing party]; *Mir v. Charter Suburban Hospital* (1994) 27 Cal.App.4th 1471, 1477–1478 [Bus. & Prof. Code, § 809.9, which took effect after trial court judgment became final, allowed for award of fees incurred both before and after effective date of statute]; *ARA Living*

8

*Centers-Pacific, Inc. v. Superior Court* (1993) 18 Cal.App.4th 1556, 1559, 1562 [applying Welf. & Inst. Code, § 15657, amended during trial court proceedings, to allow prevailing plaintiff to obtain attorney's fees in elder abuse cases]; *Harbor View Hills Community Assn. v. Torley* (1992) 5 Cal.App.4th 343, 350 [holding new Civil Code attorney fee provision applies to cases pending on appeal and rejecting contention that such application would "deprive either party of a matured right"]; *Estate of Schuster* (1984) 163 Cal.App.3d 337, 341 [applying revised probate attorney fee provision to pending case and holding, "Statutes authorizing attorneys' fees are applicable to cases in which an appeal is pending, even if only as to the attorney fee issues, on the effective date of the statute."].)

In *Reyes*, purchasers of a defective automobile who brought action against the holder of the installment contract were entitled to the benefit of a statute permitting purchasers to claim attorney fees (see Civ. Code, § 1717), although the statute had not taken effect when the trial court initially ruled on purchasers' fee motion, because the statute was procedural in nature and thus applied to pending litigation. (*Reyes, supra,* 76 Cal.App.5th at pp. 601, 604.) The *Reyes* court held that "[a]bsent a legislative directive to the contrary, California courts generally apply newly enacted cost and fee statutes to cases pending at the time of enactment. [Citation.] This is true even though the costs or fees at issue were incurred prior to the effective date of the new statute." (*Reyes*, at p. 616.)

More recently, in *Dragones*, former boyfriend and girlfriend sought domestic violence restraining orders against each other. (*Dragones*, *supra*, 9 Cal.App.5th at p. 1078.) The trial court granted former boyfriend's request. (*Id*. at p. 1079.) "While this

9

case was pending in the trial court, the Legislature repealed the prior version of [Family Code] section 6344 and enacted a new section 6344, effective January 1, 2023. The new statute makes it easier for a prevailing petitioner to obtain fees, and harder for a prevailing respondent to obtain fees." (*Ibid*.) Former boyfriend moved for and was granted attorney fees pursuant to Family Code section 6344. (*Dragones*, at pp. 1078–1079.) Former girlfriend appealed the order. (*Id*. at p. 1079.) On appeal, the reviewing court held that "the current version of [Family Code] section 6344 applies retroactively to all cases pending on its effective date, including this case. . . . Additionally, attorney's fee statutes are procedural in nature, and a newly enacted attorney's fee statute applies to cases pending on its effective date." (*Ibid*.)

Application of an amended attorney fee statute to a case currently pending is termed "prospective" because "an attorney fee statute is deemed to address a " ' "procedural" matter that is "prospective" in character and thus not at odds with the general presumption against retroactivity.' " (*Dragones*, *supra*, 98 Cal.App.5th at p. 1085, fn. 3.) We thus hold section 1102.5, subdivision (j) applies to matters pending on the amended statute's effective date, including Winston's case.

L.A. County cites *Evangelatos v. Superior Court*, *supra*, 44 Cal.3d 1188 for the principle that courts will not apply a statute retroactively "unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the legislature.' " While that is true, the statute does not expressly specify and the legislative history and commentary regarding Assembly Bill No. 1947 is silent as to whether application of the amended statute was intended to be prospective or retroactive. Further, the holding in *Evangelatos* neither negates or discounts

the multitude of case precedent we discuss above that specifically hold that a new or amended statute affecting attorney fees applies to cases not yet final on the statute's effective date.

L.A. County next argues that retroactive application of the statute impacts its substantive rights because it did not have fair notice that Winston would be able to recover fees at the time the action was filed in 2019. As support, L.A. County cites to *USS-Posco*, where the court commented that "a litigant suddenly deprived of a potentially large fee award, or conversely facing such an award, would view its rights and obligations as substantially modified." (*USS-Posco, supra*, 244 Cal.App.4th at p. 218.) What L.A. County fails to mention is that the quoted portion is specified as being "the view *federal* courts, including the United States Supreme Court, have taken when considering federal fee statutes." (*Ibid*, italics added.) The "[California] Supreme Court and the great majority of our lower appellate courts have viewed the question of retroactivity of fee and cost eligibility statutes differently than the federal courts." (*Id.* at p. 219.) Surveying both federal and California case law on the retroactive application of statutes affecting attorney fees and recovery of costs, the reviewing court concluded that per " 'the doctrine of *stare decisis*,' " the holding in *Woodland Hills* controls and found the amended attorney fee provision applied because the case was pending when the statute was amended. (*USS-Posco*, at p. 222.)

L.A. County next directs us to section 4 of the Labor Code, which provides: "No action or proceeding commenced before this code takes effect, and no right accrued, is affected by the provisions of this code, but all procedures thereafter taken therein shall conform to the provisions of this code so far as

11

possible." (§ 4.) This, however, does not help L.A. County. Numerous general statutory provisions are considered to codify or relate to the general rule that statutes are interpreted to apply prospectively unless legislative intent clearly indicates the contrary. (See, e.g., Civ. Code, § 3 ["[n]o part of [this Code] is retroactive, unless expressly so declared."]; see also Code Civ. Proc., § 3 ["[n]o part of [this code] is retroactive, unless expressly so declared."].) But this general rule and these statutes do not address the question of whether a new or amended statute as applied has a prospective or retroactive effect. As already explained, "an attorney's fee statute is deemed to address a ' "procedural" matter that is "prospective" in character and thus not at odds with the general presumption against retroactivity.' " (*Dragones*, *supra*, 98 Cal.App.5th at p. 1085, fn. 3.)

Finally, L.A. County cites to nonpublished federal cases, *Bahra v. County of San Bernardino* (C.D.Cal. Sept. 7, 2022, EDCV 16-1756 JGB (SPx)) 2022 U.S.Dist. Lexis 162519, and *Nikmanesh v. Wal-Mart Stores, Inc.* (C.D.Cal. Feb. 25, 2022, SACV 15-202 JGB (JCGx)) 2022 U.S.Dist. Lexis 109065, which concluded that the plaintiff's action preceded the provision's effective date and no authority supports the provision's retrospective application. First, those two cases are not published and do not control. Second, the district court in *Nikmanesh* reached its conclusion after plaintiff cited to "a hodgepodge of authority" without any explanation to suggest otherwise. (*Nikmanesh*, at p. *15, fn. 5.) In contrast, Winston here identified ample support in California case law to support his position. Third, as made clear in *USS-Posco,* federal law and California law differ on this point. "Under California Supreme Court precedent, statutory provisions that alter the recovery of

12

attorney fees are deemed procedural in nature and apply to pending litigation." (*USS-Posco*, *supra*, 244 Cal.App.4th at p. 201.)

We conclude the statute authorizes an award of attorney fees to Winston because his action was pending when section 1102.5, subdivision (j), became effective. For that reason, we reverse. Because the trial court did not ascertain the reasonableness of the fee request and had no occasion to exercise its discretion on this issue, we remand with directions to the trial court to determine in the first instance the appropriate fee award. We express no opinion on the amount to be awarded.

## DISPOSITION

The judgment is reversed. We remand with instructions to the trial court to determine an appropriate attorney fee award.

Appellant is awarded costs on appeal.

## CERTIFIED FOR PUBLICATION

STRATTON, P. J.

We concur:

GRIMES, J.                    WILEY, J.

13