[No. B093914. Second Dist., Div. Seven. Nov. 29, 1995.]

HANSEN MECHANICAL, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
NORTHRIDGE EQUIPMENT CO., INC., Real Party in Interest.

**COUNSEL**

Fredrickson, Mazeika & Grant, Timothy J. Grant, Peter S. Gregorovic and
John A. Kenmouth for Petitioner.

No appearance for Respondent.

Douglas Fee, Collins, Collins, Muir & Traver and Brian K. Stewart for Real Party in Interest.

## OPINION

**LILLIE, P. J.**—Hansen Mechanical, Inc. (Hansen) seeks a petition for writ of mandate to vacate the trial court's June 14, 1995, order denying its motion for summary adjudication as to the third and fourth causes of action of the cross-complaint of cross-complainant and real party in interest Northridge Equipment Co., Inc. (Northridge), and to enter a new order granting summary adjudication in favor of Hansen. We issued an order to show cause why respondent should not be compelled to grant the relief prayed for in the petition; oral argument has been had thereon. The issue before us is whether Hansen was entitled to summary adjudication of issues as to Northridge's claims for express indemnity, on the ground that the indemnity provision of the written agreement with Northridge is unenforceable because the agreement was not executed by Northridge within the meaning of Labor Code section 3864.

### FACTUAL AND PROCEDURAL BACKGROUND

The complaint herein arises out of an April 1990 construction accident involving personal injuries to Sam Martinez, an employee of Hansen. Martinez was operating a mobile scissor lift which allegedly fell into an unguarded hole in a concrete floor at a construction site. Hansen had leased the scissor lift from Northridge. Martinez filed a complaint against Northridge, and others, for personal injuries. Northridge filed a cross-complaint against Hansen and others; the third and fourth causes of action of the cross-complaint were based on the theory of express indemnity.[1] The cross-complaint alleged that Hansen, through its "authorized agent, employee, or representative, executed the agreement attached hereto . . . , which provides that Hansen . . . defend, indemnify and hold harmless cross-complainant." The rental receipt agreement, under which Hansen leased

---

[1]The first and second causes of action of the cross-complaint asserted claims sounding in equitable indemnity. Those causes of action are not before us on this proceeding. At some time before the June 14, 1995, order, the parties stipulated that Northridge would dismiss the first and second causes of action with prejudice, and the court's June 14, 1995, order states that by virtue of such stipulation, the motion with respect to those causes of action is moot. Further, although the third cause of action sought declaratory relief, it was based on the theory of express indemnity. Accordingly, we treat both the third and fourth causes of action as sounding in express contractual indemnity.

from Northridge the scissor lift involved in the accident, provided in pertinent part in paragraph 14(b) that "Customer shall defend, indemnify, and hold Company harmless form any and all claims of third parties for loss, injury and/or damage to their persons and/or property arising out of Customer's renting, possessing, use, maintenance, operation of, or return of equipment, including legal costs incurred in defense of such claims."[2]

Hansen filed a motion for summary judgment, or in the alternative for summary adjudication of issues as to Northridge's cross-complaint. By issues Nos. six and seven, Hansen sought summary adjudication as to the third and fourth causes of action of the cross-complaint on the ground that the indemnity clause of the agreement was unenforceable under Labor Code section 3864[3] because that section requires that both parties sign the agreement, and the agreement was not signed by Northridge. Hansen relied principally on language in *Nielsen Construction Co.* v. *International Iron Products* (1993) 18 Cal.App.4th 863 [22 Cal.Rptr.2d 497], that "[t]he language of section 3864 clearly requires execution of the written agreement (i.e., signatures of all parties) before the injury." (18 Cal.App.4th at p. 869.)

Northridge opposed the motion for summary adjudication and maintained, relying on *City of Oakland* v. *Delcon Associates* (1985) 168 Cal.App.3d 1126 [214 Cal.Rptr. 734], that Labor Code section 3864 requires that the agreement be signed only by the party sought to be bound—Hansen. Northridge, however, admitted it was undisputed that it did not sign the rental receipt agreement, and other than the foregoing agreement, Northridge did not sign any other agreement purporting to impose upon Hansen any express indemnity agreement related to the scissor lift accident.

In support of its motion, Hansen also submitted the declaration of its employee, James P. Soley, who declared that on the day of Martinez's

---

[2]It is important to note that the motion for summary adjudication did not seek adjudication of any specific contractual duties, rights, and liability arising under the agreement, and it did not focus on the interpretation of any contractual provision. Therefore, nothing in the trial court's order, or in our opinion, should be construed as expressing any determination on the applicability or interpretation of the indemnity provisions of the contract. (See, e.g., *Regan Roofing Co.* v. *Superior Court* (1994) 24 Cal.App.4th 425, 436-437 [29 Cal.Rptr.2d 413].) The instant motion concerns only compliance with the formalities of execution of the agreement required by Labor Code section 3864.

[3]Remaining unamended since its enactment in 1959, Labor Code section 3864 provides: "If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."

accident, he (Soley) was a journeyman plumber employed by Hansen at the construction site and assisted Hansen's foreman, Shane Coxe, in various tasks, including acceptance of rental equipment; Hansen's procedure relating to rental of equipment at the site was to have whichever foreman or other responsible employee on the site sign for receipt of the equipment; on February 9, 1990, he signed the Northridge rental receipt document on behalf of Hansen, and no member of Northridge signed the agreement; he did not read the rental receipt agreement in its entirety before signing it; and paragraph 14(b) of the agreement was never a subject of negotiation between him and Northridge.

After hearing, the trial court denied Hansen's motion for summary adjudication as to Northridge's causes of action for express indemnity. In its June 14, 1995, order the court stated that "the Court, finding no triable issue of fact, and finding further that the . . . decision entitled *Nielson Construction Co.* v. *International Iron Products*[, *supra*,] 18 Cal.App.4th 863, to be distinguishable, hereby *denies* Hansen's motion for summary adjudication of issues numbers 6 [and] 7."

I

STANDARD OF REVIEW

■ "A writ of mandate is the appropriate method by which a party can request that an appellate court direct a trial court to vacate an order denying a motion for summary judgment and enter judgment granting the motion." (*American Internat. Underwriters Agency Corp.* v. *Superior Court* (1989) 208 Cal.App.3d 1357, 1362 [256 Cal.Rptr. 730].) Whether petitioner is entitled to a writ vacating the denial of its motion for summary adjudication of issues turns upon whether the third and fourth causes of action of the cross-complaint "[have] no merit." (Code Civ. Proc., § 437c, subd. (f)(1).) "A defendant or cross-defendant has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to that cause of action." (Code Civ. Proc., § 437c, subd. (o)(2).)

■ "In reviewing an order granting, or denying, a motion seeking a summary adjudication of particular issues, we are governed by the rules applicable generally to a review of summary judgments." (*Southern Cal. Rapid Transit Dist.* v. *Superior Court* (1994) 30 Cal.App.4th 713, 722 [36 Cal.Rptr.2d 665].) "An appellate court determines de novo whether there is a genuine issue of material fact and the moving party was entitled to

summary judgment or summary adjudication as a matter of law." (*Fidelity Mortgage Trustee Service, Inc.* v. *Ridgegate East Homeowners Assn.* (1994) 27 Cal.App.4th 503, 509 [32 Cal.Rptr.2d 521].) Interpretation and applicability of a statute is clearly a question of law. (*Sutco Construction Co.* v. *Modesto High School Dist.* (1989) 208 Cal.App.3d 1220, 1228 [256 Cal.Rptr. 671].)

■ Several cases have addressed the issue of what constitutes a "written agreement . . . executed prior to the injury" within the meaning of Labor Code section 3864. Petitioner contends that the *Nielsen* case is dispositive of the issue in this case and that section 3864 requires that the contract be signed by both parties in order for the indemnity provision to be enforceable. Northridge, on the other hand, contends that *Nielsen* is factually distinguishable from the instant case, and that the dispositive case is *City of Oakland* v. *Delcon Associates*, *supra*, 168 Cal.App.3d 1126, which requires the contract be signed only by the party to be bound, i.e., Hansen. As is set out below, the development of the case law dealing with the proper interpretation of section 3864 has proceeded in a piecemeal fashion, culminating with *Nielsen*, which clarifies the earlier cases and sets out the formalities required for enforcement of an indemnity agreement under the statute.

II

EXECUTION OF AGREEMENTS UNDER LABOR CODE SECTION 3864

The two earliest cases interpreting the execution requirement of the statute rejected the theory that the term "executed" referred to performance under the agreement. In *Solano Concrete Co.* v. *Lund Constr. Co.* (1976) 64 Cal.App.3d 572 [134 Cal.Rptr. 552], the court upheld a judgment of dismissal of a cross-complaint for indemnity against an employer because the written agreement was not executed *prior* to the accident, and execution of the agreement *after* the accident did not establish waiver of the employer's right to assert Labor Code section 3864. In that case, Lund's employee was killed at a construction site when the walls of a trench collapsed; Solano, the general contractor, was sued for wrongful death and filed a cross-complaint for indemnity against Lund; the cross-complaint alleged that a subcontract between Solano as general contractor and Lund as subcontractor was prepared but was not signed at the time of the employee's death; the subcontract was signed almost two years later; Solano alleged that by signing the agreement after its employee's death, Lund thereby waived any right to assert, invoke, or rely upon section 3864. The Court of Appeal disagreed, stating that "section 3864 is too clear to be subjected to interpretation. The

written agreement was not *executed* prior to the accident. Recognizing this, Solano's principal contention is that by its subsequent execution of the subcontract Lund waived the benefit of Labor Code section 3864; this contention is also without merit. [¶] The primary essentials of waiver are knowledge and intent; and before one may be deemed to have waived a right granted by statute, it must be shown that the party had knowledge of the right and the intent to waive or forego it. [Citations.] In the instant case no such showing was made. The subcontract had been in existence in its unsigned form since June 30, 1973. It was executed two years later . . . . The cross-complaint does not allege any explanation for the delay. There is no indication that by signing the subcontract, Lund either knew of or intended to relinquish his rights under Labor Code section 3864; and the mere act of execution in no way carries with it an implication of the existence of the elements of waiver. Nor does it suggest an estoppel." (64 Cal.App.3d at p. 575, fn. omitted, italics in original.)

In *Lockheed Missiles & Space Co.* v. *Gilmore Industries, Inc.* (1982) 135 Cal.App.3d 556 [185 Cal.Rptr. 409], the court upheld a summary judgment on a complaint for indemnity where the employer defendant had not signed the purchase order prior to an accident involving an electrocution of defendant's employee. Lockheed had purchased an amplifier from defendant; after the amplifier began to malfunction, defendant sent a service representative to Lockheed; while performing tests on the amplifier system, the service representative was electrocuted. After Lockheed settled the action against it by the service representative's heirs, Lockheed brought suit against the employer, alleging that because performance was commenced under the purchase order, the contract was binding and constituted an executed indemnity agreement under Labor Code section 3864.

Citing *Solano*, the court in *Lockheed* stated that "*Solano* stands for the proposition that an indemnity agreement must be in writing and signed by the parties. A different conclusion would end in an illogical result. [¶] The term 'executed' is defined inter alia as 'completed; carried into full effect; already done or performed. . . . The opposite of executory.' [Citation.] Accordingly it is well settled that in order to be 'executed' an agreement must be fully performed on both sides. [Citations.] While, as appellant suggests, an offer may be accepted by the commencement of performance, this does not mean there is an 'executed' agreement." (135 Cal.App.3d at p. 559.)

The court in *Lockheed* concluded that because the employee was electrocuted in the process of repairing the system, "it is unlikely that repairs had

been completed or that [defendant] had been compensated for performing such repairs prior to [the employee's] death. Accordingly, it is extremely doubtful that the purchase agreement had been performed by both sides." (135 Cal.App.3d at p. 560.) The court then went on to explain that it did not deem full performance to be the type of execution contemplated by the statute: "If we were to adopt appellants' position it would result in the rule that any written contract containing an indemnity provision would be fully enforceable upon completion of performance by both parties regardless of whether the proposed indemnifying party had signed, read or even received the written contract. This could not have been the intent of the statute." (*Ibid.*)

The cases of *Delcon* and *Nielsen* both interpreted the term "executed" to mean "signed." In *City of Oakland* v. *Delcon Associates, supra,* 168 Cal.App.3d 1126, Delcon's employee was injured while repairing city's basketball gym; city had sent a written purchase order to make the repairs which was signed by city's purchasing manager, but was never signed by any representative of Delcon. After city settled a lawsuit against it by the injured employee, city brought an indemnity action against Delcon; the trial court granted summary judgment against Delcon.

In upholding the judgment, the Court of Appeal in *Delcon* stated that "The facts in the instant case are virtually identical to those in *Lockheed.* Nevertheless, appellant attempts to distinguish that case on the grounds that the present case involves competitive bidding, whereas *Lockheed* did not; the agreement in this case comprised a 'series' of documents, as opposed to the single purchase order in *Lockheed*; and, unlike *Lockheed,* there was evidence in the instant record that a representative of respondent read and understood the indemnity provision included in the purchase order agreement. [¶] We find appellant's first two contentions unpersuasive. Appellant cites no authority, and we have discovered none, supporting either of these asserted grounds for distinguishing *Lockheed.* The Labor Code's requirement that an indemnity agreement be in writing and executed prior to the injury means executed by the party sought to be bound—the employer." (168 Cal.App.3d at p. 1130.) The court also explained that "While it may seem unfair that respondent can avoid obligations which its representative read and understood, section 3864's requirement that an indemnity provision be 'executed' before it can be considered binding is clear and unequivocal. [Citation.] It is not unreasonable for the Legislature to impose the relatively light burden of obtaining an executed indemnity agreement on the party who will benefit from it. That burden is set forth in clear and simple language and should be easily understood; if a third party intends to bind an employer to an

indemnification agreement, it must obtain the employer's signature prior to the injury. By tampering with the statutory language, we would be opening a Pandora's box of exceptions which would serve only to create confusion and needless litigation. Accordingly, because the written purchase order was never executed by respondent, we conclude it was not bound by the indemnity clause." (*Id.* at pp. 1130-1131, fn. omitted.)

In *Nielsen*, the Court of Appeal upheld a dismissal of a cross-complaint for indemnity in the situation where the injured worker's employer, a subcontractor, had signed an agreement containing an indemnity provision prior to the injury, but Nielsen, the general contractor, did not sign the agreement until two weeks *after* the injury. The court in *Nielsen* rejected appellant's argument that according to *Delcon*, Labor Code section 3864 only requires the person to be charged, i.e., the employer/indemnor, to sign the indemnity agreement before the employee was injured. "First, the language in *Delcon* was dicta; the *Delcon* court was not presented with the situation where the employer/indemnitor had signed the agreement before the injury occurred. . . . Second, the *Delcon* court's statements must be viewed in context, i.e., responding to an argument the employer should be held bound by the indemnity provision because evidence indicated its representative had read and understood the provision. Viewed in context, the court's statements are merely an amplification of its conclusion the Legislature intended to require the employer/indemnitor to sign the indemnity agreement before the date of injury. The *Delcon* court was neither addressing nor deciding the issue presented here, i.e., whether a written indemnity agreement is executed under section 3864 when the third party/indemnitee fails to sign the agreement until after the injury occurs." (18 Cal.App.4th at p. 867.)

The court in *Nielsen* also rejected the argument that "general contract principles" requiring only the employer's signature before the date of injury should be applied to Labor Code section 3864: "While these statutes support Nielsen's position that there are general contract rules requiring only the party to be bound to sign the agreement, these statutes do not support Nielsen's position that section 3864, in particular, requires only the party to be bound to sign the written indemnity agreement; indeed, these statutes support a contrary conclusion. [¶] Nielsen's cited statutes demonstrate that, had the Legislature intended to require only the signature of the employer/indemnitor prior to the injury in section 3864, they easily could have so provided as they have done so in the statutes cited by Nielsen as well as many other statutes. [Citations.] The Legislature did not, however, choose to include such language limiting execution (i.e. signing) of the agreement to only the employer/indemnitor. Instead, the Legislature required 'a written

agreement so to [indemnify] executed prior to the injury.' (§ 3864.) [¶] As indicated by the cases interpreting section 3864, the Legislature did not intend the term 'executed' to be used in the sense of completing performance of the contract obligations but instead intended the term to be used in the sense of completing, i.e., signing, the written agreement. Among the Black's Law Dictionary definitions of 'execute' is 'to sign . . . . *To perform all necessary formalities, as to make and sign a contract . . . .*' [Citation.] The definition of 'executed' also includes the meaning of 'signed,' 'completed' and 'imports idea that nothing remains to be done.' [Citation.] In other words, a written agreement is 'executed' when all parties sign the agreement; only then is the written agreement completed and all necessary formalities performed. [¶] We conclude Nielsen has misread section 3864 as requiring only the employer/indemnitor to execute before the injury. The language of section 3864 clearly requires execution of the written agreement (i.e., signatures of all parties) before the injury." (18 Cal.App.4th 863, 868-869, italics in original.)

We find the interpretation of Labor Code section 3864 in *Nielsen* to be persuasive. Moreover, *Nielsen* is also consistent with *Delcon*, which does not help Northridge's position in this case. All *Delcon* stands for is the proposition that an indemnity agreement is not enforceable against an employer who does not sign it prior to the injury. *Delcon* does not address the issue of whether the agreement is enforceable where the third party does not sign it, although the employer has signed it.

In the instant case, Northridge attempts to distinguish *Nielsen* on the ground that the contract in this case does not even have a signature line for Northridge's signature, and is thus allegedly a "unilateral" contract, and thus is not within the rule established by the *Nielsen* court. We disagree. By logical implication, a contract which does not even have a signature line for the third party, and is not signed by that party, does not meet the requirement for execution under Labor Code section 3864. Further, as the party which drafted the rental receipt agreement, Northridge had the opportunity to draft an agreement which complied with section 3864, but did not do so. As stated by the court in Delcon, "It is not unreasonable for the Legislature to impose the relatively light burden of obtaining an executed indemnity agreement on the party who will benefit from it." (168 Cal.App.3d at p. 1131.)

We conclude that the rental receipt agreement was not properly executed pursuant to Labor Code section 3864 because the agreement was not signed by both parties before the injury occurred. The trial court erred in denying Hansen's motion for summary adjudication of issues Nos. 6 and 7, with respect to the third and fourth causes of action of the cross-complaint.

## Disposition

Let a peremptory writ of mandate issue directing the superior court to vacate its June 14, 1995, order, and to enter a new order granting Hansen's motion for summary adjudication of issues Nos. 6 and 7.

Johnson, J., and Woods (Fred), J., concurred.

A petition for a rehearing was denied December 21, 1995, and the petition of real party in interest for review by the Supreme Court was denied February 22, 1996. Mosk, J., was of the opinion that the petition should be granted.