**RELIANCE INSURANCE COMPANY, Plaintiff—Appellant,**

v.

**ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendant—Appellee.**

No. 03–15338.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2004.

Decided June 17, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**540**

Jerome B. Falk, Jr., Esq., Howard, Rice, Nemerovski, Canady, Falk and Rabkin, Elizabeth S. Salveson, Esq., San Francisco, CA, for Plaintiff–Appellant.

Clark J. Burnham, Esq., Burnham & Brown, A Professional Law Corporation, Oakland, CA, for Defendant–Appellee.

Before: B. FLETCHER and FISHER, Circuit Judges, and ROLL, District Judge.[*]

## MEMORANDUM [**]

In this diversity action controlled by California law, Reliance Insurance Company ("Reliance") appeals the district court's grant of summary judgment in favor of St. Paul Fire and Marine Insurance Company ("St.Paul"). We have jurisdiction under 28 U.S.C. §§ 1332 and 1291, and we affirm in part, reverse in part and remand for further proceedings.[1] We hold that the district court is to consider St. Paul's equitable defenses of waiver, estoppel and unclean hands. If none of these defenses applies, the district court is to allocate an appropriate amount of contribution from St. Paul to Reliance.

The district court correctly interpreted the insurance policies as, on their face, making Reliance and St. Paul co-primary insurers of N.L. Barnes Construction ("Barnes"). As the district court found, there is no merit to St. Paul's claim that "Provision B" of the "Automatic Additional Insureds Endorsement" in Reliance's insurance policy for Richard Hancock Construction ("Hancock") transformed St. Paul into an excess insurer.

---

[*] The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**1.** The facts are known to the parties, and are set out here only to the extent necessary to explain our disposition.

■ We conclude, however, that the district court improperly applied *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 633, 119 Cal.Rptr. 449, 532 P.2d 97 (1975), to the facts of this case when it held that the "scaffold release" between Barnes and Hancock obviated St. Paul's duty to contribute to Barnes' defense. *Rossmoor* involved equitable subrogation, not equitable contribution; moreover, there had been a determination of liability in the underlying tort suit in that case. The instant dispute between Reliance and St. Paul is purely a dispute between two primary insurers of the same insured who would ordinarily be entitled to contribution from one another. *See Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App.4th 1279, 77 Cal.Rptr.2d 296 (Ct.App. 1998) (explaining differences between contribution and subrogation). Neither Barnes nor Hancock is a party to this litigation. No California case has applied *Rossmoor* in a situation analogous to the one present here. As *Travelers Cas. & Sur. Co. v. Am. Equity Ins. Co.*, 93 Cal. App.4th 1142, 1157, 113 Cal.Rptr.2d 613 (Ct.App.2001), makes clear, *Rossmoor* will ordinarily not apply where, as here, the dispute is exclusively between insurance carriers; there has been no determination of underlying liability; and no insurance carrier has paid an insured's claim such as to be able to claim subrogation rights. Because Reliance and St. Paul were insurers of Barnes at the same level of coverage, and because the only question here is responsibility for Barnes' defense, the principles of *Rossmoor* do not apply. Accordingly, however the scaffold release may have allocated responsibilities as between Barnes and Hancock, it could not under principles of equitable contribution alter the responsibilities of Reliance and St. Paul as co-primary insurers of Barnes. Thus, the scaffold release is simply not significant for our analysis.

■ Even if *Rossmoor* were applicable to this case, St. Paul could not rely on the scaffold release to achieve summary judgment in its favor. It would distort California's substantive contract law if a federal court were to determine on summary judgment the disputed factual question of whether the scaffold release was a separate transaction or part of the same transaction as the policies or the subcontract. *See Brookwood v. Bank of Am.*, 45 Cal. App.4th 1667, 1673, 53 Cal.Rptr.2d 515 (Ct.App.1996). If the scaffold release was a separate transaction, it is unenforceable because it was not separately executed by both parties. *See* Cal. Lab.Code § 3864; *Hansen Mechanical, Inc. v. Superior Court*, 40 Cal.App.4th 722, 731, 47 Cal. Rptr.2d 47 (Ct.App.1995). That we cannot determine the enforceability of the scaffold release without further factual inquiry is another reason why the correct approach, in this contribution action, is to ignore the effect of the scaffold release on the obligations of St. Paul and Reliance. *See Fireman's Fund*, 65 Cal.App.4th at 1297, 77 Cal.Rptr.2d 296 (noting that "contribution permits liability for the loss to be allocated among the various insurers without regard to questions of comparative fault or the relative equities between the insurers").

*St. Paul Mercury Ins. Co. v. Frontier Pacific Ins. Co.*, 111 Cal.App.4th 1234, 4 Cal.Rptr.3d 416 (Ct.App.2003), which St. Paul brought to our attention immediately before oral argument, does not alter our conclusion. St. Paul argues that *Frontier Pacific* requires remanding the case to allocate fault between Hancock and Barnes. In *Frontier Pacific*, however, the California court confronted a distinct situation in which applying ordinary principles of equitable contribution would have entirely removed the obligation of the insurer of an additional insured to contribute to

the additional insured's defense. In this case, the equities are different. Under ordinary principles of equitable contribution, both of Barnes' co-primary insurers will be required to contribute to Barnes' defense, and the intent of the insurance policies to provide primary coverage to Barnes will be sustained. There is thus no need to invoke the extraordinary procedures imposed by the appellate court in *Frontier Pacific.* In a similar situation, a California court noted that there is "no California authority holding that equitable contribution requires a specific finding of each insured's comparative fault. Such a rule would hamper settlements and require the defendant to prove its own fault before the defendant's insurer could seek equitable contribution." *Fire Ins. Exchange v. American States Ins. Co.,* 39 Cal.App.4th 653, 663, 46 Cal.Rptr.2d 135 (Ct.App.1995) (discussing allocation of fault between excess insurers at the same level of coverage). We have similar concerns about further proceedings in this case and we therefore do not remand for a separate determination of fault between Barnes and Hancock. Rather, we instruct the district court to treat St. Paul and Reliance as co-primary insurers of Barnes for the purpose of allocating equitable contribution.

St. Paul has also raised the defenses of unclean hands, waiver and estoppel, arguing that Reliance waived its right to contribution because it advised St. Paul that it would seek contribution only if the underlying claim exceeded $1 million. The district court did not have the occasion fully to consider these defenses. Therefore on remand it may also consider whether these defenses to equitable contribution should apply.

In summary, on remand the district court is to consider whether the equitable defenses of unclean hands, waiver or estoppel entitle St. Paul to relief from equitable contribution. If the district court determines that these defenses do not apply, the district court should apportion appropriate contribution from St. Paul to Reliance in accordance with ordinary principles of equitable contribution under California law.

Each party to bear its own costs.

**AFFIRMED in part, REVERSED in part and REMANDED.**