**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBEN PEREZ; MICHAEL MOORE; BRIGETTE MOORE, | No. 13-15399 |
| Plaintiffs, | D.C. No. 2:09-cv-02850-MCE-CKD |
| v. | |
| VEZER INDUSTRIAL PROFESSIONALS, INC., A California Corporation, | MEMORANDUM[*] |
| Defendant-third-party-plaintiff - Appellee, | |
| v. | |
| PINPOINT HOLDINGS, INC., | |
| Third-party-defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted May 13, 2015
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: O'SCANNLAIN, IKUTA, and N.R. SMITH, Circuit Judges.

PinPoint Holdings, Inc. ("PinPoint") brings this interlocutory appeal from the district court's order denying its motion for summary judgment.[1] PinPoint appeals, arguing only that the district court erred in failing to grant its motion for summary judgment on the basis that California Labor Code section 3864 requires all parties to an indemnification agreement to sign the agreement, and Vezer never signed. We have jurisdiction under 28 U.S.C. § 1292(b) and reverse and remand.

California appellate courts have unequivocally held that, for an indemnification clause under section 3864 to be enforceable, the document containing the indemnification clause must be signed by both parties, not just the party against whom the contract is being enforced. *See Hansen Mech., Inc. v. Superior Court*, 47 Cal. Rptr. 2d 47, 53 (Ct. App. 1995) ("We conclude that the rental receipt agreement was not properly executed pursuant to Labor Code section 3864 because the agreement was not signed by both parties before the injury occurred."); *Nielsen Constr. Co. v. Int'l Iron Prods.*, 22 Cal. Rptr. 2d 497, 500 (Ct. App. 1993) ("We conclude Nielsen has misread section 3864 as requiring only the

---

[1]Pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5, PinPoint filed a motion with the district court requesting certification of an interlocutory appeal on October 4, 2012. The district court granted PinPoint's request on November 26, 2012. On December 6, 2012, PinPoint filed its petition to permit an interlocutory appeal with this court. This court granted the petition on March 1, 2013.

indemnitor to execute before the injury. The language of section 3864 clearly requires execution of the written agreement (i.e., signatures of all parties) before the injury.").

Rather than relying on these authorities, the district court concluded that *City of Oakland v. Delcon Associates*, 214 Cal. Rptr. 734 (Ct. App. 1985), created a split in authority that precluded granting PinPoint's motion for summary judgment. The district court erred in this conclusion. Both *Hansen Mechanical* and *Nielsen Construction* distinguished the conflicting language in *Delcon* as dicta, and held that all parties to an agreement must sign for an indemnification provision to be enforceable. *See Hansen Mech.*, 47 Cal. Rptr. 2d at 52-53; *Nielsen Constr.*, 22 Cal. Rptr. 2d at 499-500.

Applying the law from *Hansen Mechanical* and *Nielsen Construction* to the facts in this record, PinPoint is entitled to summary judgment. It was undisputed before the district court that Vezer had not signed the purchase agreement at issue

in this case.[2]  Because Vezer did not sign the purchase agreement, the

indemnification clause was not properly executed under California Labor Code

section 3864.  Therefore, as a matter of law, Vezer cannot recover from PinPoint

under the purchase agreement's indemnification clause.

**REVERSED and REMANDED** with instructions to enter summary

judgment on behalf of PinPoint.

---

[2]On appeal, Vezer argues for the first time that by affixing its letterhead to the purchase agreement it had actually signed the contract.  Vezer relies on *Marks v. Walter G. McCarty Corp.*, 205 P.2d 1025, 1028 (Cal. 1949) (in bank), and *Donovan v. RRL Corp.*, 27 P.3d 702, 713 (Cal. 2001), for the proposition that a signature does not need to be manually affixed to a contract, but that any symbol executed or adopted by a party with the *present intention* to authenticate the writing is valid.  By not presenting it to the district court, this argument is waived on appeal.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).  Additionally, we refuse to exercise our discretion to address the argument, because the issue of Vezer's intent is primarily a factual issue that should have been raised before the district court.  *See Telco Leasing, Inc. v. Transwestern Title Co.*, 630 F.2d 691, 693 (9th Cir. 1980); *see generally Byrne v. Laura*, 60 Cal. Rptr. 2d 908, 916 (Ct. App. 1997) (noting that under contract law, "questions of intent and purpose are ordinarily questions of fact" (internal quotation marks omitted)).  To the extent that Vezer argues that PinPoint is estopped from claiming that the indemnification clause is invalid, we decline to address this new argument for similar reasons.