Filed 7/7/16  Unigard Ins. Co. v. Harco National Ins. Co. CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| UNIGARD INSURANCE COMPANY,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>HARCO NATIONAL INSURANCE COMPANY, et al.,<br><br>      Defendants and Appellants. | A141452<br><br>(San Francisco County<br>Super. Ct. No. CGC-13-527766) |

In the course of his employment with Fork & Spoon (F&S), Adam Ike (Ike) rented a truck from Coast Truck Rental (Coast).  He was tragically killed that same day when the very truck he rented ran over him.  Ike's heirs then sued Coast for wrongful death.  The rental agreement, which had been signed by Ike on behalf of F&S, but not signed by Coast, included a provision that F&S, as the renter, would indemnify Coast for liability arising from the operation or use of the vehicle.  Coast was a "third party" with respect to Ike and his employer F&S, and consequently, under the workers' compensation provisions of the Labor Code (Lab. Code, § 3200 et seq.), F&S had no obligation to indemnify Coast for liability resulting from the suit by Ike's heirs, absent a signed written agreement.  (Lab. Code, § 3864.)  The primary issue in this appeal is whether an agreement to indemnify must be signed by both the employer and the third party in order to be enforceable under section 3864.

The trial court answered that question affirmatively, and therefore refused to enforce the indemnity agreement here, which was signed by Ike's employer, F&S, but not

1

by Coast.  Consequently, the trial court granted a summary judgment motion brought by F&S's insurer, Unigard Insurance Company (Unigard), which paid for part of Coast's defense under a reservation of rights, ruling that Unigard was entitled to reimbursement from Coast and its insurer, Harco National Insurance Company (Harco).

Coast and Harco appeal, arguing that even though the trial court's ruling is supported by case law, the result is inequitable and should be reversed.  We are not persuaded, and therefore we will affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed.

Adam Ike (Ike) was employed by Fork & Spoon (F&S).  Acting in the course and scope of his employment, he rented a vehicle from Thomas I. Pendergast, Inc. dba Coast Truck Rental (Coast).  Ike signed Coast's standard rental agreement, which included the following indemnity provision:

"4.     IT IS EXPRESSLY AGREED THAT COAST IS NOT LIABLE FOR ANY LOSS OR DAMAGE TO CARGO, NOR PROPERTY OF RENTER AND HIS AGENTS, EMPLOYEES AND/OR CUSTOMERS, AND COAST IS NOT LIABLE FOR INJURIES TO RENTER OR HIS AGENTS OR HIS GUESTS FROM ANY CAUSE WHATSOEVER AND IT IS FURTHER AGREED THE RENTER SHALL INDEMNIFY AND SAVE COAST WITH RESPECT TO ANY AND ALL INJURIES OR DAMAGE TO PERSONS OR PROPERTY ARISING OUT OF OWNERSHIP, MAINTENANCE, USE AND/OR OPERATION OF THE VEHICLE . . . ."

The agreement was not signed by Coast or any Coast representative.

As Ike was leaving Coast's premises, he was struck and killed by the truck he rented.  His heirs sued Coast for wrongful death in February 2010.[1]  In October 2010 Coast tendered the defense of the wrongful death action to F&S, which forwarded the

---

[1] Ike's heirs could not sue F&S because as Ike's employer it was protected by the exclusive remedy provision of the workers' compensation laws.  (Lab. Code, § 3602, subd. (a).)

tender to its liability insurer, Unigard. Unigard was not Coast's insurer, but in view of the indemnity provision in the rental agreement that Ike signed on behalf of F&S, in December 2010 Unigard agreed to provide a defense to Coast. Unigard's position was that under the policy it had issued to F&S, the rental agreement was an "insured contract" under which F&S had assumed tort liability and that, accordingly, Unigard would provide a defense to Coast. Unigard provided the defense subject to a reservation of rights, including "the right to assert that [F&S] has no obligation to defend or indemnify Coast because the terms . . . of the rental contract are unconscionable or otherwise unenforceable and that there is no obligation for Unigard to provide any such defense or indemnity as a liability assumed under the contract." Unigard also reserved the right to seek reimbursement for its defense of Coast.

In 2011, Unigard notified Coast's insurer, Harco National Insurance Company (Harco) that "Unigard may seek contribution and/or subrogation/indemnity" for amounts Unigard paid to defend or indemnify Coast. Unigard also invited Harco to participate in Coast's defense, which Harco declined to do. Eventually, Unigard concluded that the indemnity provision in the rental agreement was invalid under Labor Code section 3864,[2] and in January 2012 it so informed Harco, stating that unless Harco provided authority to the contrary, Unigard would withdraw from the defense of Coast. Unigard withdrew, Harco assumed the defense, the matter went to trial, and Coast received a defense verdict.

In June 2012, Unigard demanded that Harco reimburse it for $323,661.34, the amount Unigard had paid in defending Coast before Unigard withdrew from the case. Harco refused, and in January 2013, Unigard sued Harco and Coast seeking declaratory relief as to its right to reimbursement, and seeking indemnity from Harco and Coast. The parties filed cross motions for summary judgment based entirely on undisputed facts. After a hearing, the trial court granted Unigard's motion and denied the motions of Harco and Coast. The trial court found, "as a matter of law, that Unigard . . . had no legal duty to defend Coast in the underlying wrongful death suit . . . , pursuant to Labor Code

---

[2] All statutory references are to the Labor Code unless otherwise specified.

3

§ 3864. This legal finding operates retroactively. (*See Scottsdale Ins. Co. v. MV Transp.* [(2005)] 36 Cal.4th 643, 655 [(*Scottsdale*)].) [Coast and Harco] do not dispute that Unigard reserved its rights to seek reimbursement from Coast, or anyone else, for defense costs incurred. . . . Consequently, Coast and Harco are responsible for reimbursing Unigard for the $323,661.34 in defense costs incurred under equitable indemnity and restitution principles. (*See Scottsdale*, *supra*; *Clarendon America Ins. Co. v. Mt. Hawley Ins. Co.* [(C.D. Cal. 2008)] 588 F.Supp.2d 1101, 1106 (applying California law).) Unigard is also entitled to prejudgment interest under Cal. Civ. Code § 3827."

Judgment was entered for Unigard, against Harco and Coast for $323,661.34, plus $55,986.52 in prejudgment interest, plus costs. This appeal timely followed.

## DISCUSSION

Because this is an appeal of an order granting summary judgment on stipulated facts, we review the trial court's decision de novo to decide a pure question of law. (*Wilshire Ins. Co., Inc. v. Sentry Select Ins. Co.* (2004) 124 Cal.App.4th 27, 33.)

A.   *Applicable Law*

The parties agree that Unigard has no duty to defend or indemnify Coast unless Unigard's insured, F&S, assumed the obligation to indemnify Coast in the rental agreement.[3] The parties also agree that because the rental agreement was not signed by Coast, under section 3864 and the cases interpreting it, the indemnity provision in the agreement does not bind F&S, and therefore does not bind Unigard.

---

[3] If the indemnity agreement in the rental agreement had been enforceable against F&S, Unigard would have had a duty to defend Coast under the policy it issued to F&S. (*Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287, 300 [an insurer's duty to defend arises where there is potential for indemnification].) In the absence of potential coverage for Coast, Unigard has no duty to defend. (*Waller v. Truck Insurance Exchange, Inc.* (1995) 11 Cal.4th 1, 19.) The parties do not dispute that absent a duty to defend, Unigard, which provided the defense under a reservation of rights, is entitled to reimbursement from Harco. (*Scottsdale, supra*, 36 Cal.4th at pp 657-658.)

4

Section 3864 provides, "If an action as provided in this chapter[4] prosecuted by the employee, the employer, or both jointly against the third person results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgment or settlement in absence of a written agreement so to do executed prior to the injury."[5]

The word "executed" in section 3864 means "signed." (*Lockheed Missiles & Space Co. v. Gilmore Industries, Inc.* (1982) 135 Cal.App.3d 556, 558-560; *Solano Concrete Co., Inc. v. Lund Construction Co.* (1976) 64 Cal.App.3d 572, 575.) Harco and Coast (Appellants) concede that under section 3864 and the cases interpreting it, an indemnity agreement must be signed by both parties—that is, by the employer and the third party—to be enforceable. (*Hansen Mechanical, Inc. v. Superior Court* (1995) 40 Cal.App.4th 722, 731 (*Hansen*) [agreement that was not signed by both parties before the injury occurred was not executed pursuant to section 3864]; *Nielsen Construction Co. v. International Iron Products* (1993) 18 Cal.App.4th 863, 869 (*Nielsen*) [same].)

Although the law is clear that the indemnity agreement in this case is not enforceable, Appellants argue that applying the law in these circumstances means "[s]hifting the defense obligation away from F&S and its insurer and on to Coast and its insurer," a result they characterize as "absurd," inequitable and unfair. Appellants argue that the indemnity provision in the rental agreement should be enforced because it was signed by the indemnitor (that is, by F&S, through Ike) and because F&S and Coast intended Unigard to cover any loss arising from the use of the vehicle, and that even if the indemnity provision was not enforceable, Unigard owed Coast a defense obligation

---

[4] That is, Chapter 5 ("Subrogation of Employer") of Part 1 ("Scope and Operation") of Division 4 ("Workers' Compensation and Insurance") of the Labor Code.

[5] The "action" at issue here is the lawsuit filed by Ike's heirs against Coast. For purposes of section 3864, Ike's heirs are "employees" because " '[e]mployee' includes the person injured and any other person to whom a claim accrues by reason of the injury or death of the former." (§ 3850, subd. (a).)

5

under *Val's Painting and Drywall, Inc. v. Allstate Insurance Co.* (1975) 53 Cal.App.3d 576 (*Val's Painting*).[6] We will address these arguments in turn.

B.    *Section 3864 Requires Both Parties to Sign an Indemnity Agreement*

Appellants contend that the indemnity agreement should be enforced because it was signed by F&S, the employer against whom the agreement would be enforced, and because the rental agreement shows that F&S and Coast "intended for Unigard to cover the loss."

Appellants argue that as long the employer has signed the indemnity agreement, the parties have complied with the Legislature's intent for section 3864, which is to limit an employer's liability for indemnity when its employee is injured in the course and scope of employment due to the negligence of a third party, and that once the employer has "unequivocally acquiesced" to the indemnity agreement, there is "no logical basis" for requiring the third party to have signed it.[7]

Appellants support this argument by claiming, incorrectly and without citing authority, that "California courts are split as to whether Section 3864 requires the indemnitee's [i.e., third party's] signature on the subject agreement," and by suggesting, incorrectly, that in *City of Oakland v. Delcon Associates* (1985) 168 Cal.App.3d 1126

---

[6] In addition to these three arguments, which Appellants present under separate headings and support with citations to authority, as required by California Rules of Court, rule 8.204(a)(1)(B), Appellants allude to two additional arguments in their introduction. First, they contend that the trial court's result "flies in the face of ordinary business practices." Second, they contend that the result "is in no way equitable, and is simply not fair." Because these arguments are not presented under separate headings or supported by legal authority, we can, and do, decline to consider them. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 [argument without citation to authority]; *Consolidated Irrigation District v. City of Selma* (2012) 204 Cal.App.4th 187, 201 [argument not presented under a separate heading].)

[7] Appellants also contend that requiring Coast as indemnitee to sign the contract would "invalidate the thousands of car rental agreements that are executed everyday throughout the country." We disregard this contention, which is not supported by citations to the record or legal authority (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C)), let alone any authority that section 3864 applies in a typical transaction between a consumer and a car rental company.

(*Delcon*) a panel in this First District "has held that the employer/indemnitor's signature is all that is required" under section 3864.

Appellants never cite a single case holding that the third party's signature is not required for an indemnity agreement to be enforced under section 3864. And Appellants' opening brief fails to discuss cases holding that the third party's signature is required, even though two such cases were discussed by Unigard below: *Hansen, supra,* 40 Cal.App.4th 722 and *Nielsen, supra,* 18 Cal.App.4th 863. Both cases hold that for an indemnity agreement to be properly executed under section 3864, the agreement must be signed by both parties; the employer's signature alone will not suffice. (*Nielsen*, *supra*, 18 Cal.App.4th at p. 869; *Hansen*, *supra*, 40 Cal.App.4th at p. 731.) As the court noted in *Nielson*, even though there are general contract rules requiring only the party to be bound to sign a contract, that does not mean that section 3864 requires only the party to be bound to sign the written indemnity agreement. (*Nielsen*, *supra*, 18 Cal.App.4th at p. 868.) The Legislature has included in many statutes language limiting a signature requirement to the party to be bound; accordingly, if it had chosen to do so, the Legislature could have included such language in section 3864, but it did not. (*Id.* at p. 868; see also *Hansen, supra*, 40 Cal.App.4th at pp. 730-731.)

The facts in *Hansen* are similar to the facts here. An employee of Hansen Mechanical (Hansen), was injured while operating a scissor lift that Hansen had rented from Northridge Equipment (Northridge). (*Hansen*, *supra*, 40 Cal.App.4th at p. 724.) The employee sued Northridge for personal injuries, and Northridge filed a cross-complaint against Hansen based on the theory of express indemnity. (*Ibid.*) The rental agreement, which included an indemnity provision, was signed by Hansen but not by Northridge (*id.* at pp. 724-725) and did not even have a signature line for Northridge. (*Id.* at p. 731.) The court ruled that "a contract which does not even have a signature line for the third party, and is not signed by that party, does not meet the requirement for execution under Labor Code section 3864. Further, as the party which drafted the rental receipt agreement, Northridge had the opportunity to draft an agreement which complied with section 3864, but did not do so. As stated by the court in *Delcon*: 'It is not

7

unreasonable for the Legislature to impose the relatively light burden of obtaining an executed indemnity agreement on the party who will benefit from it.' " (*Hansen*, *supra*, 40 Cal.App.4th at p. 731.)

As the quotation above suggests, the one case that Appellants do cite, *Delcon*, is inapposite. *Delcon* holds that the employer's signature is necessary for enforcement, but that does not mean that the employer's signature alone is sufficient. (*Delcon*, *supra*, 168 Cal.App.3d at p. 1129.) As the Court of Appeal stated in *Hansen*, "All *Delcon* stands for is the proposition that an indemnity agreement is not enforceable against an employer who does not sign it prior to the injury. *Delcon* does not address the issue of whether the agreement is enforceable where the third party does not sign it, although the employer has signed it." (*Hansen*, *supra*, 40 Cal.App.4th at p. 731.) That issue did not arise in *Delcon*, because the indemnity agreement in that case was signed by the third party. (*Delcon*, *supra*, 168 Cal.App.3d at p. 1131.)

Unigard discusses both *Nielsen* and *Hansen* in its respondent's brief. In reply, Appellants ask us to depart from the application of section 3864 in those cases and, instead, "rule . . . on the equities of the situation before the Court." But Appellants do not provide us with any discussion of *Nielsen* or *Hansen*, or explanation of why the equities here justify a different approach. Accordingly, we are not persuaded by Appellants' argument and we decline their invitation to depart from the reasoned approach that the Court of Appeal has taken in similar cases.

Appellants also argue that the indemnity provision should be enforced because the rental agreement shows that F&S and Coast intended that F&S or its insurer would cover any losses arising from use of the subject vehicle, and that equity requires the court to fulfill that intent. Their argument rests on two cases, *Hartford Casualty Insurance Co. v. Mt. Hawley Insurance Co.* (2004) 123 Cal.App.4th 278 (*Hartford Casualty*) and *Pacific Indemnity Co. v. Liberty Mutual Insurance Co.* (1969) 269 Cal.App.2d 793 (*Pacific Indemnity*), which Appellants cite for the proposition that "[c]ourts will often look at the underlying contract entered into between the insureds to determine the respective rights and obligations of the between [sic] the parties' insurers."

8

These cases do not help Appellants. In *Hartford Casualty* there was no doubt as to the validity of the indemnity provision in a construction contract. (*Hartford Casualty*, *supra*, 123 Cal.App.4th at p. 281.) The Court of Appeal held that just as the general contractor was not liable to the subcontractor under the indemnity provision, the general contractor's insurer was not liable to the subcontractor's insurer. (*Ibid.*) In *Pacific Indemnity*, there was no doubt as to the validity of the indemnity provision between insureds. (*Pacific Indemnity*, *supra*, 269 Cal.App.2d at p. 800.) There, the Court of Appeal had to determine which of two insurance policies covering the lessor would provide primary coverage and which excess; it looked to the intention of the insureds as "the critical factor in allocating primacy of coverage between duplicate insurers." (*Id.* at p. 801.) Neither case arises in the context of section 3864; and neither concerns an indemnity provision of doubtful validity. Consequently, neither *Hartford Casualty* nor *Pacific Indemnity* provides guidance in our case.

Furthermore, the case law interpreting section 3864 does not support Appellants' position. Although the facts of *Delcon*, discussed above, are different from the facts here, the reasoning of *Delcon* with respect to this particular issue is entirely applicable: "While it may seem unfair that respondent can avoid obligations which its representative read and understood, section 3864's requirement that an indemnity provision be 'executed' before it can be considered binding is clear and unequivocal. (*Lockheed Missiles & Space Co. v. Gilmore Industries, Inc.*, *supra*, 135 Cal.App.3d at p. 559.) It is not unreasonable for the Legislature to impose the relatively light burden of obtaining an executed indemnity agreement on the party who will benefit from it." (*Delcon*, *supra*, 168 Cal.App.3d at p. 1131.) In *Delcon*, the party who would benefit from the agreement failed to obtain the employer's signature (*ibid.*); here, the party who would benefit failed to sign on its own behalf. The situations are different, but the warning stated by the *Delcon* court is pertinent here: "By tampering with the statutory language, we would be opening a Pandora's box of exceptions which would serve only to create confusion and needless litigation." (*Ibid.*)

9

We conclude that because Coast did not sign the written rental agreement here, under section 3864 Coast cannot enforce the agreement's indemnity provision against F&S or Unigard.[8]

C.    *Unigard's Obligations to F&S Are Distinct from Unigard's Obligations to Coast*

Although Appellants concede in their reply brief that Unigard has no duty to defend or indemnify Coast unless Unigard's insured assumed that liability in a contract, Appellants argue in their opening brief that even if F&S was immune from liability under section 3864, Unigard was obliged to defend Coast against the claim brought by Ike's heirs because Unigard would have been obliged to defend F&S against a claim brought by Coast against F&S for indemnity. Appellants rely on *Val's Painting* for this argument, but their reliance is misplaced and the argument lacks merit.

*Val's Painting* holds that an insurer has a duty to defend claims against its insured that are potentially within policy coverage. (*Val's Painting*, *supra*, 53 Cal.App.3d at p. 582.) *Val's Painting* says nothing about the situation here, which concerns whether an insurer has a duty to defend claims against a third party in the absence of an indemnity agreement between the third party and the insured.[9]

Furthermore, Appellants never explain why Unigard's obligation to defend F&S against a hypothetical indemnity claim by Coast should entail that Unigard has an obligation to defend Coast against a claim by Ike's heirs. Appellants assume that if

----

[8] Appellants question whether any rental car company, big or small, requires the lessor's signature on the rental agreement, and at the same time they suggest that because Coast is "obviously an unsophisticated lessor" it should not be required to have signed the rental agreement. They do not support this suggestion with citations to the record or legal authority, and accordingly we disregard it.

[9] Appellants cite *A-H Plating, Inc. v. American National Fire Insurance Co.* (1997) 57 Cal.App.4th 427, 443 for the proposition that an insurer's duty to defend extends to those insureds whom the insurer believes to be innocent of the conduct alleged in the third party complaint, and from this Appellants conclude that, "Without question, Unigard's defense obligation was triggered" in the action brought against Coast by Ike's heirs. But Appellants' conclusion does not follow, because Coast is not Unigard's insured and because nothing in the record suggests that the action by Ike's heirs alleged conduct by Unigard's insured, F&S.

"Unigard [had] not accepted Coast's tender, Unigard would have found itself in exactly the same position it faces today." They argue that if Unigard had not accepted the tender, Coast would have filed an indemnity cross-complaint against F&S, and Unigard would have been obligated to defend F&S in that action. But Unigard did accept the tender, subject to a reservation of rights, and Coast did not file such a cross-complaint, and Coast points to nothing in the record that indicates what might have happened if the facts had been otherwise. In sum, Appellants have not provided us with evidence or argument to support their contention that Unigard had a duty to defend Coast.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

 

 

 

_____
Miller, J.


We concur:


_____
Kline, P.J.


_____
Stewart, J.


A141452, *Unigard Insurance Co. v. Harco National Insurance Co.*


12